**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Peter LAZDINS, Defendant-Appellant.**

**No. 85CA0105.**

Colorado Court of Appeals,
Div. I.

June 26, 1986.

Rehearing Denied July 17, 1986.

Certiorari Denied Nov. 3, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hugh R. Warder, Glenwood Springs, for defendant-appellant.

STERNBERG, Judge.

The defendant, Peter Lazdins, appeals his conviction of second-degree assault. Concluding that the additional instruction given the jury after it indicated it was deadlocked was error, we reverse.

After the jury had deliberated for over thirteen hours, the foreman sent a note to the trial court stating: "We have serious differences and don't anticipate a unanimous decision. Please advise us."

After discussions with counsel the court addressed the jury as follows:

"THE COURT: I am therefore going to read an instruction to you. It now appears to the Court that while you the jury have deliberated for a substantial period of time, you have been unable to agree on a verdict. It does not, however, appear to the Court that there is no reasonable probability of agreement, and consequently, the Court directs you to continue deliberations, bearing in mind the following things: 1. Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment. 2. Each juror must decide the case for himself or herself, but only after an impartial consideration with his fellow jurors. 3. In the course of deliberation, a juror should not hesitate to reexamine his or her own views and change his or her opinion if

convinced it is erroneous. And, 4. no juror should surrender his or her honest conviction as to the weight and effect of the evidence solely because of the opinions of fellow jurors or for the sole purpose of returning a verdict.

But I do think it appropriate that you discuss the matter further and then you commence to take written ballots as to your decision.

[FOREMAN]: Okay.

THE COURT: I want you to pursue that. The record should reflect it's now quarter of eleven. We would ask that you pursue that at least until lunch time or if you can determine prior to that time, either that you can or absolutely cannot reach a verdict, then you can tell us at that time. But I would like for you to continue your deliberations with these things in mind for that period of time, if you will.

[FOREMAN]: Okay.

THE COURT: Or such lesser period as you may come to a conclusion one way or the other.

All right, we'll ask you to be returned to the jury room."

Defense counsel objected to the instruction as given.

Despite the fact that this is a criminal case, the instruction given by the court is patterned after the civil instruction found at *CJI—Civ.2d* 4:3 (1980), but contains language regarding time for deliberation not found in the pattern instruction. It also differs from the pattern criminal instruction in effect at the time of trial primarily in that the latter includes the following language:

"It appearing to the Court at this time that your deliberations have been somewhat delayed without an agreement being reached, the Court wishes to suggest a few thoughts which you should consider in your deliberations, *along with the evidence in the case, and all of the instructions previously given.*

. . . .

"You are not partisans. You are judges—judges of the facts. *Your sole interest is to ascertain the truth from the evidence in the case.*" (emphasis supplied)

*COLJI-Crim.* No. 38:14 (1983).

On appeal, defendant contends that the instruction and the trial court's remarks were improperly coercive of a compromise verdict, amounting to a "time-fuse" instruction in violation of *Allen v. People*, 660 P.2d 896 (Colo.1983). Considering the stringent limitations on jury instructions of this type, we agree.

The instruction given the jury did not contain the statements, found in the approved criminal instruction, which emphasize that this supplemental instruction should be considered in the context of the evidence received at trial and all previously given instructions. Moreover, the comments of the trial court can be interpreted as stressing the time factor, implying that deliberations should be concluded by lunchtime or shortly thereafter. And, in fact, a verdict was returned shortly after the lunch break in spite of the fact that the jury had been deadlocked for thirteen hours preceding its communication to the court and the giving of the instruction at issue.

Under these circumstances, we conclude that the instructions and the court's comments were unduly coercive of a compromise verdict. *See People v. Schwartz*, 678 P.2d 1000 (Colo.1984) (recognizing "compelling concern" that jury not be coerced into rendering verdict); *People v. Lewis*, 676 P.2d 682 (Colo.1984) (requiring "free and untrammeled" deliberative process); *Allen v. People, supra* (defendant denied fair trial by "potentially coercive effect" of instruction).

The other contentions raised by defendant are without merit.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and METZGER, JJ., concur.