**Ray GANN, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 85SC256.**

Supreme Court of Colorado, En Banc.

April 27, 1987.

Rehearing Denied May 18, 1987.

David F. Vela, Colorado State Public Defender, Claire Levy, Jonathan Willett, Deputy State Public Defenders, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for respondent.

ERICKSON, Justice.

Petitioner Ray Gann (Gann or defendant) was convicted by a jury of attempted first-degree murder after deliberation. *See* §§ 18–3–102(1)(a), 18–2–101(1), 8B C.R.S. (1986). The court of appeals, in an unpublished opinion, held that the erroneous instruction in this case did not constitute plain error. *People v. Gann*, No. 83CA0951, slip op. at 4–6 (Colo.App. May 2, 1985). We granted certiorari to determine whether the instruction on criminal attempt was rendered deficient by the omission of the requirement that the defendant act with the culpability required for the underlying offense. We affirm the court of appeals.

I.

The facts contained in the record are largely undisputed. Jesse Mosher, the assault victim in this case, was a trucker who hauled automobiles between Denver and Farmington, New Mexico, and frequently stopped to spend the night in Pagosa Springs, Colorado. He testified that he arrived in Pagosa Springs on September 7, 1982, parked his truck, and began drinking beer and playing pool at Jan's Cafe at approximately 3:30 p.m. He was joined by his girl friend, Denise Parsons. He testified that a mutual friend asked him to "look after" her because she was upset by a family quarrel and was drinking heavily.

Mosher and Parsons remained at Jan's Cafe until approximately 10:00 p.m. At that time, Mosher walked from the bar to the dining area of the cafe, and saw the defendant talking to Parsons. Mosher thought the defendant was making advances toward Parsons and said, "If you're waiting for Denise, you may as well forget it, because she is with me." A fight was

averted when the dishwasher of the cafe intervened and told Mosher that the defendant was waiting to pick up his wife, who was employed at the cafe. Mosher realized that he had made a mistake and apologized to the defendant. The defendant shook Mosher's hand and said, "no problem."

Parsons left Jan's Cafe and went to the Ember Glow Bar, which was separated from Jan's Cafe by a parking lot. Mosher followed her and, after a few minutes, the two started back to Jan's Cafe. They stopped to talk in the parking lot and Mosher had his hands on Parsons' waist. Out of the corner of his eye, he saw the defendant running toward him from the direction of Jan's Cafe, waving a large knife or machete, and yelling, "I'll teach you to give me a hard time, you son-of-a-bitch." Mosher pushed Parsons out of the way as the defendant struck him on the side of the head with the machete. Mosher fell to the ground but regained his footing and ran toward the Ember Glow Bar. Mosher was struck twice more, once on the top of his head and once on his back, before he reached the bar. Police officers investigated the assault and sent Mosher to a hospital in Farmington for treatment. The defendant was ultimately arrested at a nearby campground.

The defendant maintained that he acted in self-defense. In a written statement which was admitted at trial, the defendant claimed that, after the victim "made a move" toward him in the parking lot, he picked up a "bar" from the ground and threw it at Mosher. In the course of the trial, the defendant stipulated that Mosher's treating physician would testify that Mosher's wounds were caused by "a large, sharp, metal cutting instrument like a machete or meat cleaver," and that they could not have been inflicted by an unsharpened piece of metal such as a bar. The weapon used in the assault was not introduced as evidence.

The trial judge instructed the jury on attempted first-degree murder after deliberation and the lesser included offenses. Instruction number four stated:

A person commits the crime of criminal attempt if:

> With intent he engages in conduct constituting a substantial step toward the commission of first-degree murder.

The elements of Criminal Attempt are therefore:

(1) With intent,

(2) Engages in conduct constituting a substantial step toward the commission of Murder in the First-Degree.

If, after considering all of the evidence, you find that the prosecution has established beyond a reasonable doubt that the Defendant, RAY GANN, without affirmative defense, acted in such a manner so as to satisfy all of the above elements at or about the date and place stated in the information, you should find the Defendant guilty of Attempted Murder in the First-Degree. If you do not so find, you should find the Defendant not guilty of Attempted Murder in the First-Degree.

Instruction number five provided:

A person commits the crime of murder in the First Degree if:

> After deliberation, and with the intent to cause the death of a person other than himself, he causes the death of that person or another person.

The elements of murder in the first degree are therefore:

(1) After deliberation, and

(2) With the intent to cause the death of a person other than himself,

(3) Causes the death of that person or another person.

Gann did not object to the jury instructions nor did he offer alternative instructions or question the sufficiency of the instructions in his motion for a new trial. In the court of appeals, Gann argued that the criminal attempt instruction failed to state that the defendant had to act after deliberation, the mental culpability required for first-degree murder.

## II.

The sole question before us is whether the erroneous instruction constituted plain

error because the defendant did not object to the instructions as given. Crim.P. 30, 33, 52(b); *People v. Cowden*, 735 P.2d 199, 202 (Colo.1987); *People v. Freeman*, 668 P.2d 1371, 1382 (Colo.1983); *People v. Hardin*, 199 Colo. 229, 234, 607 P.2d 1291, 1294 (1980). The failure of the trial court to properly instruct the jury on the essential elements of the crime charged constitutes plain error. *Hardin*, 199 Colo. at 234, 607 P.2d at 1294.

An accused "commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense." § 18–2–101(1), 8B C.R.S. (1986). In this case, a "substantial step" under the criminal attempt statute requires proof of the intent to commit first-degree murder.[1] *See People v. Krovarz*, 697 P.2d 378 (Colo.1985); *People v. Frysig*, 628 P.2d 1004 (Colo.1981). First-degree murder includes the additional culpability element of an act committed after deliberation and with the intent to kill the victim. § 18–3–102(1)(a), 8B C.R.S. (1986); *e.g., People v. Bartowsheski*, 661 P.2d 235 (Colo.1983). Thus, the crime charged requires both the intent to commit first-degree murder and that the act be after deliberation. § 18–2–101(1), 8B C.R.S. (1986); *see People v. Derrera*, 667 P.2d 1363 (Colo.1983); *People v. Frysig*, 628 P.2d 1004 (Colo.1981).

■ Instruction four was erroneous because the jury was instructed on only one of the elements of culpability. The instruction omitted any reference to the requirement that the defendant must have acted after deliberation and with the intent to kill. We have consistently stated that the preferable practice is to include the *mens rea* element of an offense in the instruction defining the offense. *E.g., People v. Mattas*, 645 P.2d 254, 257–58 (Colo.1982); *People v. Martinez*, 634 P.2d 26, 30 (Colo. 1981). We therefore disapprove of the trial court's formulation of instruction four.[2]

■ We conclude, however, that the erroneous attempt instruction did not constitute plain error. In ascertaining whether there was plain error, the instructions must be considered as a whole to determine whether the jury was properly advised as to the law. *People v. Riley*, 708 P.2d 1359 (Colo.1985); *People v. Deadmond*, 683 P.2d 763 (Colo.1984); *Chambers v. People*, 682 P.2d 1173 (Colo.1984). The failure to include the culpable mental state in the instruction defining the offense is not plain error so long as the instructions, read and considered in their entirety, clearly instruct the jury as to the required *mens rea*. *People v. Mattas*, 645 P.2d 254 (Colo.1982). In this case, instruction four advised the jury that, to find the defendant guilty of attempted first-degree murder, the prosecution was required to prove beyond a reasonable doubt that Gann engaged in "conduct constituting a substantial step toward the *commission* of murder in the First-Degree." (Emphasis added.) "After deliberation" was clearly and separately specified in the fifth instruction as an essential element of the crime of first-degree murder. Thus, while the attempt instruction omitted the requirement that the defendant act after deliberation, the culpability element of deliberation was prominently included in the definition of the crime of first-degree murder.

Judgment affirmed.

---

1. Substantial step is defined as "any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." § 18–2–101(1), 8B C.R.S. (1986).

2. The instructions in this case were patterned on CJI–Crim. 8:01 (1983).