**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Gary MEIS, Defendant–Appellant.**

**No. 90CA1412.**

Colorado Court of Appeals, Div. IV.

April 23, 1992.

Rehearing Denied May 21, 1992.

Certiorari Denied Oct. 13, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Gary Meis, appeals the judgment of conviction entered on jury verdicts finding him guilty of sexual assault on a child by a person in a position of trust and first degree sexual assault. We remand for further findings.

## I.

Defendant first contends that the trial court erred by its refusal to replace a juror with an alternate when, after the presentation of evidence had begun, the juror advised the court that he was acquainted with a prosecution witness. Defendant essentially argues that, because personal acquaintance with a witness is a relevant and material factor in the exercise of a peremptory challenge, his right to exercise his peremptory challenges was impaired, and that the trial court employed an incorrect standard in denying his motion to replace the juror. We conclude that further findings are required.

If alternate jurors are seated, § 16–10–105, C.R.S. (1991 Cum.Supp.) requires that: "Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties."

■ The purpose of seating an alternate juror is to have available another juror when, through unforeseen circumstances, a juror is unable to continue to serve. The trial court is in the best position to evaluate whether a juror is unable to serve, and its decision to excuse a juror will not be disturbed absent a gross abuse of discretion. *People v. Abbott*, 690 P.2d 1263 (Colo.1984). *See People v. Johnson*, 757 P.2d 1098 (Colo.App.1988) (defendant failed to show that he was actually prejudiced by the dismissal and replacement of juror).

■ Here, after trial had commenced, the juror informed the trial court that he might know one of the prosecution's witnesses. This statement by the juror occurred prior to the time that that witness testified.

During an *in camera* hearing, at which both the prosecution and defense counsel were allowed to question the juror, the juror testified that, although he and the witness were both members of the same fraternal order, and had been at lodge functions together, they did not socialize with each other. When asked by the court whether his ability to be fair and impartial in this case would be affected, the juror responded negatively. The trial court determined that the fact that the juror knew the witness and was in the same lodge with him would not affect the juror's ability to weigh impartially the witness' credibility. However, the court made no specific finding regarding whether the juror was able or qualified to perform his duties.

■ Further, in deciding whether to replace a juror with an alternate juror, a court should consider not only the juror's assurance of impartiality, but also the nature of the information not disclosed, *see People v. Borrelli*, 624 P.2d 900 (Colo.App. 1980), whether the non-disclosure was deliberate, *see People v. Dunoyair*, 660 P.2d 890 (Colo.1983), and any prejudicial effect the non-disclosed information would have had on either party including defendant's right to exercise peremptory challenges. *See People v. Johnson, supra.* A court must also consider the practical remedies available at that stage of the proceedings such as replacing the juror with the available alternate.

Because *People v. Borrelli, supra*, involved a juror's misrepresentation that was

not discovered until a year after trial, we do not find that case to be dispositive. However, we are unable to determine from the record whether the trial court considered the factors set forth above and conclude that the cause should be remanded for further findings on this issue.

## II.

Defendant next contends that the trial court erred in refusing to allow inquiry into an incident in which the victim allegedly ran away with a young man a short time before she reported the alleged sexual assault by defendant. He argues that the inquiry should have been permitted because it went to the victim's motive in alleging the assault rather than her propensity to consent. We perceive no error.

Defendant recognizes that he failed to comply with the procedural prerequisites set forth in § 18–3–407, C.R.S. (1986 Repl. Vol. 8B) concerning the admission of evidence of the victim's prior or subsequent sexual conduct, but argues that the inquiry fell within one of the statute's exceptions.

Section 18–3–407(1), C.R.S. (1986 Repl. Vol. 8B) provides that:

> Evidence of specific instances of the victim's prior or subsequent sexual conduct ... shall be presumed to be irrelevant except:

> . . . .

> (b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, disease, or any similar evidence of sexual intercourse offered for the purpose of showing that the act or acts charged were or were not committed by the defendant. .

The evidence offered here concerned events following the alleged assault. Defendant's offer of proof was simply an allegation that shortly before the assault was reported, the victim had run away from home for a period of time with a young man who had a car. Thus, the proffered evidence, without an indication that the victim had engaged in sexual conduct during that period, had no probative value regarding the issue of the victim's motivation for accusing defendant of committing the assault.

Under these circumstances, we conclude that defendant did not establish that he was entitled to elicit testimony about this incident. *See People v. Martinez,* 634 P.2d 26 (Colo.1981).

Further, we find no merit in defendant's contention that, because the prosecution placed the victim's sexual activity directly in issue, the trial court erred in excluding the evidence on recross-examination. As noted above, the offer of proof was insufficient to permit the inference that the victim had engaged in sexual conduct and defendant did not comply with the procedural safeguards of § 18–3–407. Thus, this line of questioning was improper in the first instance.

The cause is remanded for further findings on the issue of whether the juror should have been replaced by the alternate juror. If the court's findings lead to the conclusion that the juror should have been replaced, then the judgment of conviction is reversed, and the cause is remanded for new trial. If the court's findings indicate that replacement was not required, then the judgment stands affirmed, subject only to defendant's right to appeal those findings.

CRISWELL and NEY, JJ., concur.