**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ryan C. KEY, Defendant–Appellant.**

**No. 91CA0604.**

Colorado Court of Appeals, Div. IV.

Nov. 5, 1992.*

Rehearing Denied Nov. 5, 1992.

Certiorari Granted May 10, 1993.

* Opinion previously announced as non-published Sept. 24, 1992 is now selected for publication.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Katherine M. Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Ryan C. Key, appeals the judgment of conviction entered on jury verdicts finding him guilty of attempted first degree murder and menacing. We affirm.

The defendant's conviction arose out of a July 4, 1990, incident in which an altercation developed between the victim and his family members and two carloads of youths, including the defendant. During the fight between the two groups, one of the individuals from the automobiles went to an automobile and returned with a gun. Thereafter, the defendant grabbed the gun from a counterpart, pointed it at the victim's head, and pulled the trigger. The gun failed to discharge.

## I.

Defendant first contends that the actions of the trial court in holding an *ex parte* "scheduling conference" with the jury denied him his constitutional right to counsel during a critical stage of the proceedings and that this error mandates reversal of his convictions. While we agree with the premise of defendant's argument, we do not agree with its conclusion.

The defendant's jury trial took place from December 17 through 21, 1990. On Friday afternoon, December 21, after it had been deliberating for approximately three hours, the jury was summoned into the courtroom by the court for the purpose of scheduling further deliberations. This "scheduling conference" took place outside the presence of the prosecutor, defense counsel, and defendant, none of whom had been notified. The trial court had been advised where each could be reached, but evidently made no attempt to contact any of them.

The trial court advised the jury that it would have until 5:30 that afternoon to deliberate and, absent a verdict, would need to return at some point the following week. Since that week was Christmas week, the court sought to accommodate the jurors' holiday schedules by arranging in advance for the next possible day of deliberations. The court and jury agreed that December 31, New Year's Eve Day, would be the next day deliberations would resume if a verdict were not reached by 5:30 p.m. Friday. However, the jury returned a verdict later that afternoon.

■ The right to counsel exists at every critical stage of criminal proceedings, and jury deliberations are a critical stage for purposes of the right to counsel. *People v. Romero*, 767 P.2d 782 (Colo.App.1988);

*People v. Johnson*, 802 P.2d 1105 (Colo. App.1990), *rev'd on other grounds*, 815 P.2d 427 (1991).

Defendant asserts that the trial court's failure to notify his attorney of the "scheduling conference" was error, violating his constitutional right to counsel and, relying in part on *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), he maintains that such error can never be treated as harmless.

We agree with defendant that the trial court's actions in conducting this *ex parte* proceeding were improper and constituted error depriving defendant of his right to counsel at a critical stage of the proceedings. However, we hold that the absence of defense counsel at this critical stage does not mandate automatic reversal. Instead, we believe that each case should be analyzed on the totality of its facts and circumstances.

Essentially, defendant's contentions are based upon *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), wherein, while discussing the harmless error standard as applied to constitutional errors, the Supreme Court stated that certain constitutional errors may never be held to be harmless. *Chapman v. California, supra*, (fn. 8) (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which established the right to counsel at trial).

Thereafter, in *Arizona v. Fulminante*, 499 U.S. ——, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), the Court recognized and reaffirmed the principle stated in the *Chapman* footnote that the *total* deprivation of the right to counsel at trial could never constitute harmless error. However, the majority implicitly left open the door for those situations in which something less than total deprivation of the right to counsel could be construed as harmless error. Indeed, in *Rushen v. Spain*, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983), the court had held that a harmless error analysis applied to *ex parte* communications between the trial court and a juror outside the presence of defense counsel or defendant.

In cases of constitutional error involving the right to counsel, reversal is required unless the appellate court can declare a belief that the error was harmless beyond a reasonable doubt. *Leonardo v. People*, 728 P.2d 1252 (Colo.1986). Error in a criminal trial is harmless if it did not substantially influence the verdict or affect the fairness of the trial proceedings. *Chapman v. California, supra*.

Based on our review of the record, we conclude that the absence of defense counsel at the "scheduling conference" here was harmless beyond a reasonable doubt. Initially, it must be noted that there is no evidence that the jury was deadlocked. In fact, during the "scheduling conference" the jury foreperson stated that she felt the jurors were "fairly close" to a verdict. Additionally, there was no reference made to any of the evidence, instructions, or issues of fact during the short conference. The impaneled jury contained a number of individuals who had irreconcilable holiday plans. The trial court was simply attempting to produce a schedule that would be acceptable to each juror.

Thus, because the "scheduling conference" spoke specifically to administrative needs and not to the substantive law, the error in conducting it outside the presence of defendant and his attorney was harmless beyond a reasonable doubt.

## II.

Defendant next asserts that, during the "scheduling conference," the trial court coerced the jury into reaching a verdict in violation of his constitutional right to a fair trial. We disagree.

There is a compelling concern that a jury not be coerced into rendering a verdict in criminal cases. *People v. Schwartz*, 678 P.2d 1000 (Colo.1984). The unanimity required in a criminal trial verdict requires a free and untrammeled deliberative process that expresses the conscientious conviction of each individual juror. *People v. Lewis*, 676 P.2d 682 (Colo.1984).

Defendant relies chiefly on *Allen v. People*, 660 P.2d 896 (Colo.1983) and *People v. Lazdins*, 728 P.2d 354 (Colo.App.1986). However, both of those cases are factually distinguishable from the case here. Both concerned deadlocked juries. For example, in *Lazdins*, the jury had deliberated for over 13 hours and the foreman indicated that there were "serious differences and no anticipation of an unanimous decision." Additionally, in *Allen* and *Lazdins*, the trial court placed an express time limit on the jury's deliberations, indicating that, thereafter, a mistrial would be declared.

Here, the jury was not deadlocked and no time limit was placed on its deliberations. In fact, the foreperson expressed the belief that the jurors were "fairly close" to a decision. The very purpose of the scheduling conference enhanced the possibility that jury deliberations could continue for more than just one day and, thus, was designed to prevent a compromise verdict.

Additionally, the trial court did not state to the jury that, if a verdict were not reached by the end of the day, a mistrial would be declared. Thus, in our view, the record does not support defendant's contention that the jury was coerced by the court.

### III.

Defendant next contends that the trial court committed reversible error in denying his motion for new trial based on a juror's failure to disclose that she was acquainted with him. We disagree.

If an error is called to the court's attention for the first time by way of a motion for a new trial, the question whether a new trial should be granted involves the exercise of the court's discretion. *Abeyta v. People*, 145 Colo. 173, 358 P.2d 12 (1960). This discretion will not be interfered with on appeal unless it manifestly appears that such discretion has been abused. *Lee v. People*, 170 Colo. 268, 460 P.2d 796 (1969).

The failure of a juror during voir dire to answer material questions truthfully, if discovered during trial, may justify the removal of that juror and replacement with an alternate, or it may justify the declaration of a mistrial. *People v. Borrelli*, 624 P.2d 900 (Colo.App.1980). However, a prospective juror's untruthful answers on voir dire concerning material matters do not entitle a party to a new trial per se. *Allen v. Ramada Inn, Inc.*, 778 P.2d 291 (Colo.App.1989). *See People v. Dunoyair*, 660 P.2d 890 (Colo.1983) (juror's inadvertent nondisclosure of his acquaintance with a prosecution witness, whose testimony had only peripheral significance, did not mandate a new trial); *People v. Espinoza*, 669 P.2d 142 (Colo.App.1983), *aff'd*, 712 P.2d 476 (Colo.1985) (juror's failure to reveal that she was the victim of a crime did not deny the defendant a fair trial where the disclosure was inadvertent).

Here, the juror inadvertently failed to disclose that she had been a neighbor of the defendant some years back. The juror did not recognize the defendant as a former neighbor until mid-way through trial. Defense counsel conceded that it appeared there was no prejudice to the defendant by having this particular individual on the jury.

Because of the inadvertence of the nondisclosure and the lack of prejudicial effect the individual juror had on deliberations, we find no abuse of discretion in the trial court's denial of a new trial.

### IV.

Defendant asserts the trial court failed to instruct the jury properly on the elements of attempted first degree murder. We agree, but conclude that the error was harmless.

The defendant asserts the trial court failed to instruct the jury properly on the correct *mens rea* for attempted first degree murder. The jury instruction stated:

The elements of the crime of Criminal Attempt

To Commit Murder In the First Degree are:

(1) That the Defendant,

(2) in the City and County of Denver, State of Colorado, on or about July 4, 1990,

(3) with intent,

(4) engaged in a conduct constituting a substantial step toward the commission of Murder In The First Degree.

The defendant argues that the instruction erroneously omits any reference to the requirement that he must have acted after deliberation and with the intent to cause the death of another person. We agree.

In *Gann v. People*, 736 P.2d 37 (Colo. 1987), our supreme court addressed the identical issue and held that, although error occurred, it was not plain error. In *Gann*, the criminal attempt instruction was given without any reference to the after deliberation requirement for murder in the first degree. As occurred here, the instruction in *Gann* following the criminal attempt instruction advised the jury of the elements of murder in the first degree and included the after deliberation requirement.

The *Gann* court concluded that, read as a whole, the instructions sufficiently communicated to the jury the culpability elements which were required to convict the defendant of criminal attempt first degree murder. In our view, *Gann* is dispositive.

Additionally, defendant claims error occurred because the trial court failed to give the appropriate culpability instruction pertaining to the attempted crime immediately following the substantive instruction, as provided in *COLJI–Crim.* No. 8:01 (1990 Supp.). However, the notes on use pertaining to that instruction indicate that such a requirement is necessary only when the sole charge against the defendant is criminal attempt. The immediacy of the culpability instruction was not necessary here because defendant was charged with more than one offense.

### V.

Defendant's final contention is that the evidence was insufficient to sustain his conviction for attempted first degree murder. We disagree.

We must determine whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is sub-stantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Gonzales*, 666 P.2d 123 (Colo.1983).

Defendant's major contention is that the evidence was insufficient to show that he acted after deliberation. However, the element of deliberation, like intent, can rarely be proved other than through circumstantial or indirect evidence. Additionally, while deliberation requires that a design to kill precede the killing, the length of time require for deliberation need not be long. *People v. Bartowsheski*, 661 P.2d 235 (Colo.1983).

Here, the jury was presented with conflicting evidence concerning who had the gun and what was done with it during a fast-moving altercation involving numerous participants. It is the province of the jury, as trier of fact, to decide issues of credibility and weight of evidence. *Kiefer Concrete, Inc. v. Hoffman*, 193 Colo. 15, 562 P.2d 745 (1977).

Our review of the record as a whole, conducted in the light most favorable to the prosecution, convinces us that there exists sufficient and substantial evidence to enable a reasonable person to make the determination that the defendant did act after deliberation. Accordingly, we will not disturb the jury's verdict.

The judgment of conviction is affirmed.

TURSI and PLANK, JJ., concur.