**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Stephen C. CHRISTOPHER,
Defendant–Appellant.**

**No. 92CA1494.**

Colorado Court of Appeals,
Div. II.

Jan. 27, 1994.

As Modified on Denial of Rehearing
March 3, 1994.

Certiorari Granted Sept. 6, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Linda K. Baker, Asst. Atty. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Stephen L. Christopher, appeals from the judgment of conviction entered on a jury verdict finding him guilty of the unlawful sale or possession of a controlled substance. We reverse.

The charges against defendant were brought after he sold cocaine to an undercover officer. At trial, defendant claimed his innocence, asserting that an informant had "set him up" and that he was unaware that the package he passed to the undercover officer contained cocaine. Although there was some circumstantial evidence introduced at trial, the critical evidence of defendant's guilt relied upon by the prosecution was the undercover officer's testimony.

## I.

Among the grounds raised to challenge his conviction, defendant contends that the trial court erred by refusing to replace a juror with an alternate. We agree.

After opening statements, the juror disclosed that she recognized the undercover officer as her former neighbor. Thereupon the defendant moved for a mistrial or alternatively that the juror be excused and replaced with the alternate juror. The trial court took the motion under advisement and, after both parties rested, denied the motion. Under the circumstances here, we agree that the failure to excuse the juror and replace her with the alternative juror was error.

The juror explained that she did not recognize the undercover officer's name during voir dire and did not realize the officer was her former neighbor until she saw the officer in the courtroom. In describing their relationship, she stated that she and the officer had socialized on occasion, but had not seen each other for quite sometime. She stated that she believed the officer to be trustworthy and that she had in the past "picked up my friend from the airport." The juror also provided assurances of her impartiality.

Neither party questions the inadvertence of the juror's nondisclosure or her representations concerning the extent of her interactions with the officer. Defendant, nevertheless, argues that, inasmuch as there was no impediment to replacing the juror with the alternate juror, and based upon the information not disclosed, he was deprived of the right effectively to utilize a challenge peremptory in nature.

A juror's failure to answer questions truthfully during voir dire, if discovered after the trial has begun, may justify removal of the juror and replacement with an alternate, or it may require the declaration of a mistrial. *People v. Key*, 851 P.2d 228 (Colo.App. 1992). A trial court's determination in that regard is discretionary, and its ruling will not be disturbed on review unless an abuse of its discretion is shown. *People v. Johnson*, 757 P.2d 1098 (Colo.App.1988).

The factors to be considered in determining whether a juror should be disqualified include the juror's assurance of impartiality, the nature of the information withheld in voir dire, whether the non-disclosure was deliberate, any prejudicial effect the non-disclosed information would have had on either party including the defendant's right to exercise peremptory challenges, and the practical remedies available when the non-disclosure is

428

revealed. *People v. Meis,* 837 P.2d 258 (Colo.App.1992).

■ Prejudice may be presumed from the constraint placed on a defendant's right to exercise his allotted peremptory challenges as a result of a juror's nondisclosure of material and relevant matters. *People v. Borrelli,* 624 P.2d 900 (Colo.App.1980); *People v. Rael,* 40 Colo.App. 374, 578 P.2d 1067 (1978).

In *People v. Dunoyair,* 660 P.2d 890 (Colo. 1983), the supreme court held that the defendant suffered no prejudice as a result of a juror's inadvertent nondisclosure because the information withheld pertained to a prosecution witness whose testimony was of only peripheral significance. In *People v. Key, supra,* a panel of this court also determined that the trial court committed no error by retaining a juror who, after the commencement of the trial, had recognized the defendant as a former neighbor. However, in that case, the defendant conceded that there was no prejudice caused by having that particular juror on the jury.

As distinguished from *People v. Dunoyair, supra,* the testimony of the undercover officer here constituted the primary evidence presented by the prosecution. And, unlike the defendant in *People v. Key, supra,* defendant here contends not only that the juror was biased by her past association with the undercover officer, but also that, because he was not apprised of the bias, he suffered prejudice in that he was deprived of the opportunity to exercise a peremptory challenge against the juror in an informed manner.

In addition to these distinguishing facts, here an alternate juror had been impaneled and was available to replace the challenged juror. Granting defendant's request for removal of the juror would, therefore, not have thwarted legitimate concerns regarding judicial efficiency.

Under these circumstances, we conclude that the defendant's right to exercise his peremptory challenges was curtailed by the juror's nondisclosure and that he was subsequently prejudiced by the trial court's refusal to replace the juror with the available alternate. We, accordingly, hold that the trial court abused its discretion thereby entitling defendant to a new trial. *See People v. Reddick,* 44 Colo.App. 278, 610 P.2d 1359 (1980).

## II.

Defendant also urges that the judgment must be reversed because of prosecutorial misconduct. Having reversed and remanded for new trial on the juror issue, we need not determine whether the prosecutor's conduct would constitute reversible error. However, we address these contentions for purposes of guidance on retrial.

In his opening statement, the prosecutor characterized the defendant as "a successful businessman in the cocaine trade" who was without any legitimate means of support and who had engaged in the sale of cocaine on the night of his arrest.

■ A prosecutor's opening statement is limited to the evidence that will be adduced at trial. *People v. Hernandez,* 829 P.2d 394 (Colo.App.1991). Remarks later proven unsupported by the evidence will ordinarily constitute reversible error if there has been an affirmative showing of bad faith or manifest prejudice. *See People v. Jacobs,* 179 Colo. 182, 499 P.2d 615 (1972).

■ Further, a prosecutor vouching for the veracity of the prosecution witnesses must be avoided. *See People v. Gutierrez,* 622 P.2d 547 (Colo.1981).

Hence, on retrial, the prosecutor should avoid comments such as those challenged here.

The judgment is reversed, and the cause is remanded for new trial.

NEY and TAUBMAN, JJ., concur.