The **PEOPLE** of the State of Colorado, Petitioner,

v.

Stephen C. **CHRISTOPHER**, Respondent.

No. 94SC191.

Supreme Court of Colorado, En Banc.

June 5, 1995.

Rehearing Denied June 26, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Eric V. Field, Asst. Atty. Gen., Crim. Enforcement Section, Denver, for petitioner.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the court of appeals decision in *People v. Christopher*, 879 P.2d 426 (Colo.App.1994), which concluded that the trial court abused its discretion in failing to replace a juror, who inadvertently failed to disclose her passing acquaintance with a key prosecution witness during *voir dire*, with an alternate juror. We hold that the trial court did not abuse its discretion in determining not to replace the juror, Susan Digeser, with an alternate juror since the juror was able to fairly evaluate the credibility of Officer Peggy Moran's testimony and could reach an impartial verdict based on the evidence. We therefore reverse the court of appeals and remand with directions to consider any unresolved issues.

## I.

The defendant, Stephen C. Christopher (Christopher), was convicted by a jury of unlawful sale or possession of a controlled substance. Peggy Moran, an undercover police officer with the Denver Police Department, to whom the defendant sold a package containing cocaine, was the principal witness for the prosecution at trial.[1]

Trial to a jury commenced on September 17, 1990. During *voir dire*, the trial judge asked the prospective jurors if anyone knew the four prosecution witnesses who would be testifying at the trial. The witnesses' names were disclosed to the jury and none of the jurors responded.

Following jury selection, Officer Moran appeared in court and was introduced to the jury as the prosecution's advisory witness. Subsequent to opening statements and prior to the testimony of the first witness, Digeser disclosed to the bailiff that she recognized Officer Moran as a former neighbor. Digeser explained that she did not recognize Officer Moran's surname during *voir dire* and did not realize the officer was her former neighbor until she saw the officer for the first time in the courtroom.

The bailiff immediately reported this information to the trial judge. The Denver District Court conducted an *in camera* hearing, at which both the prosecution and defense counsel questioned the juror. Digeser testified that Officer Moran was a former neighbor who used to live two houses away from her, that they had both been at several social functions together, that Officer Moran had driven Digeser to the airport to pick up Digeser's friend, that she had not seen Officer Moran in over a year, and that she had not recognized Officer Moran's surname when the list of witnesses was read to her prior to trial. Digeser stated that she believed Officer Moran to be a "trustworthy" person based on the fact that her house was well-kept and that Officer Moran had once driven Digeser to the airport to pick up Digeser's friend. Digeser responded affirmatively to questions concerning her ability to be objective and evaluate Officer Moran's testimony, deliberate fairly, and render a fair verdict.

The defense moved to excuse Digeser from the jury and replace her with an alternate juror. The trial court denied Christopher's motion to replace Digeser with an available alternate juror. The trial court determined that the fact that the juror was casually

---

1. Christopher claimed at trial that an informant set him up and that he did not know that the      package he passed to Moran contained cocaine.

acquainted with Officer Moran would not affect the juror's ability to weigh impartially the witness' credibility.

Christopher appealed his judgment of conviction, contending that based on Digeser's bias, he was deprived of the opportunity to exercise a peremptory challenge.

The court of appeals reversed the judgment and remanded for a new trial. The court of appeals concluded that the trial court had abused its discretion, finding that defendant's right to exercise a peremptory challenge was curtailed by Digeser's failure to initially disclose her acquaintance with Officer Moran during *voir dire* and that the defendant was therefore prejudiced by the trial court's decision not to replace Digeser with an alternate juror.

We granted certiorari to consider the following question:

Whether the court of appeals erred in holding that the trial court's failure to replace a juror who recognized a prosecution witness after trial began was an abuse of discretion that prejudiced the defendant and curtailed his right to exercise peremptory challenges.

We now hold that the court of appeals erred in presuming prejudice from Digeser's inadvertent failure to recognize Officer Moran's name as it was read off during jury selection. We conclude that the trial court did not abuse its discretion in determining not to replace Digeser with an alternate juror since the juror was able to fairly evaluate the credibility of Officer Moran's testimony and could reach an impartial verdict based on the evidence. Accordingly, we reverse the court of appeals and remand with directions to consider any unresolved issues.

## II.

■ The People contend that the court of appeals erred in reweighing the evidence before the trial court and in presuming preju-

dice from Digeser's inadvertent nondisclosure of her acquaintance with Officer Moran during *voir dire*. Further, the People assert that the five factors articulated in *People v. Meis*, 837 P.2d 258 (Colo.App.), *cert. denied*, No. 92SC399 (Colo. Oct. 13, 1992), in determining whether a juror should be replaced with an alternate juror, were satisfied and that the trial court properly determined that Christopher was not unfairly prejudiced by Digeser's inadvertent nondisclosure.

Defendant argues that his right to exercise peremptory challenges was impaired since Digeser's "undisclosed information would have, *without doubt*, triggered a peremptory challenge." Defendant further contends that the trial court erred by its refusal to replace the juror with an alternate, when there was an alternate available.[2]

The court of appeals concluded that Christopher was deprived of the right to effectively utilize a peremptory challenge by Digeser's inadvertent nondisclosure. The court of appeals found that the trial court abused its discretion in refusing to replace Digeser with an alternate juror. The court of appeals distinguished *People v. Dunoyair*, 660 P.2d 890 (Colo.1983), from the factual situation presented here since Officer Moran's testimony "constituted the primary evidence presented by the prosecution."[3]

■ The trial court is in the best position to view the demeanor of a juror claiming impartiality, and the record must affirmatively demonstrate that the trial court abused its discretion before its decision can be disturbed on appeal. *People v. Russo*, 713 P.2d 356, 362 (Colo.1986). A new trial may be required where a juror deliberately misrepresents or knowingly conceals information relevant to a challenge for cause or a preemptory challenge. *Dunoyair*, 660 P.2d at 895. However, if, as here, a juror's nondisclosure was inadvertent, the defendant must show that the nondisclosed fact "was such as to create an actual bias either in

---

2. The defendant does not claim that the juror deliberately, or in bad faith, failed to mention her association with Officer Moran during *voir dire*, nor is there any basis in the record for believing that this failure was anything other than inadvertent, as in fact Digeser said it was.

3. In *Dunoyair*, we held that a juror's inadvertent nondisclosure of her acquaintance with a prosecution witness, whose testimony was of only peripheral significance, was not presumptively prejudicial nor sufficient by itself to warrant a new trial.

favor of the prosecution or against the defendant." *Id.* at 896. Absent a showing that a juror's prior acquaintance with a witness created an actual bias, "we will assume that the juror followed the instructions of the court and decided the case solely on the basis of the evidence and the law." *Id.*

Further, the purpose of seating an alternate juror is to have available another juror when, through unforeseen circumstances, a juror is unable to continue to serve. The trial court is in the best position to evaluate whether a juror is unable to serve, and its decision to excuse a juror will not be disturbed absent a gross abuse of discretion. *People v. Abbott,* 690 P.2d 1263 (Colo.1984); *Meis,* 837 P.2d at 259.

We have already considered the relationship between a juror's inadvertent nondisclosure and the need to replace that juror with an alternate juror. In *Dunoyair,* this court held that the defendant suffered no prejudice as a result of a juror's inadvertent nondisclosure of his acquaintance with a prosecution witness because the information withheld was of only peripheral significance. In *People v. Drake,* 841 P.2d 364 (Colo.App.1992), the court of appeals determined that

> the trial court found that this juror's acquaintance with the witness was extremely minimal and would not affect her ability to weigh impartially the credibility of that witness. Given the circumstances at issue, and the very slight acquaintance between the juror and witness, we find no abuse of discretion by the trial court in its determination that the juror was impartial and, therefore, find no abuse of discretion in its denial of the defendant's motion for mistrial.

*Id.* at 367. Similarly, in *People v. Key,* 851 P.2d 228 (Colo.App.1992), the court of appeals determined that the trial court committed no error by retaining a juror who, after the commencement of the trial, had recognized the defendant as a former neighbor:

> Here, the juror inadvertently failed to disclose that she had been a neighbor of the defendant some years back. The juror

did not recognize the defendant as a former neighbor until mid-way through trial. *Id.* at 231.

In *People v. Meis,* 837 P.2d 258 (Colo. App.), *cert. denied,* No. 92SC399 (Colo. Oct. 13, 1992), the court of appeals considered the following factors in determining whether to replace a juror with an alternate juror: (1) the juror's assurance of impartiality; (2) the nature of the information withheld in *voir dire;* (3) whether the nondisclosure was deliberate; (4) any prejudicial effect the nondisclosed information would have had on either party including the defendant's right to exercise peremptory challenges; (5) and the practical remedies available when the nondisclosure is revealed.

Applying the five-factor analysis articulated in *People v. Meis,* we first consider the nature of the information withheld during *voir dire.* Digeser failed to disclose during *voir dire* that she was casually acquainted with Officer Moran as a result of their being former neighbors. She responded "no" when the trial judge asked the prospective jurors if anyone knew the prosecution witnesses who would be testifying at trial. Digeser failed to recognize the last name of Officer Moran as it was presented to the jury during jury selection. When Officer Moran appeared in the courtroom, Digeser recognized her and immediately informed the court.

Digeser's assurance of impartiality was obtained from her responses to both counsel and the court at the *in camera* hearing. Her responses established that (1) she and Moran were casually acquainted; (2) they had limited contact with one another on several social occasions; and (3) that Digeser's association with Officer Moran would not interfere with her evaluation of the witness' testimony for credibility. The record on appeal reveals that the trial court questioned Digeser about her ability to remain impartial. Digeser testified that she would be able to fairly evaluate the credibility of Officer Moran's testimony and understood the People's obligation to prove the charge beyond a reasonable doubt. Digeser additionally testified that she did not feel any allegiance to Officer Moran and that she could reach an impartial verdict.

The failure of Digeser to recall the last name of Officer Moran upon hearing it during jury selection was not deliberate. The evidence neither demonstrates that Digeser failed to answer honestly any of the questions posed nor does it establish that she deliberately concealed the nature of her contact with Officer Moran.

Further, based upon the trial court's examination of the juror, the trial court determined that the prejudicial effect of the nondisclosed information was minimal and thus it was not necessary to replace her with an alternate juror. In light of the trial court's finding that the defendant's right to a fair trial was not impaired by the nondisclosed information and the court's determination of the juror's impartiality, the practical remedy in this case was to retain Digeser as a juror.

Based upon this five-factor analysis, we conclude that the trial court did not abuse its discretion in not replacing the juror with an alternate juror since the prejudicial effect was minimal and did not affect the outcome of the case. We further conclude that the court of appeals erred in presuming prejudice from Digeser's inadvertent failure to recognize Officer Moran's name as it was read off during jury selection, which thus precluded the defendant from exercising his peremptory challenge, if he so desired. Under the court of appeals' analysis, if it is discovered that the juror knows a principal witness after the juror innocently fails to disclose this fact, but the juror's contact with the witness is limited and no actual bias is established, then the defendant is entitled to an automatic reversal. We decline to adopt this per se rule. Had Digeser deliberately withheld this information or had the juror

testified that her association with Officer Moran precluded her from being fair and impartial, then actual bias would have been established and we would have concluded that the juror should have been removed from the jury and replaced by an alternate.

We are not presented with such a situation here and find nothing in the trial court record that reveals any bias by the juror that impaired the defendant's right to a fair trial. Rather, the record establishes that the trial court did not abuse its discretion in determining not to replace Digeser with an alternate juror since the juror was able to fairly evaluate the credibility of Officer Moran's testimony and could reach an impartial verdict based on the evidence.[4] "[W]e believe it is the trial court's prerogative to give considerable weight to the juror's assurance that [she] can fairly and impartially serve on the case." *People v. Russo*, 713 P.2d 356, 362 (1986). Because the trial court properly denied Christopher's motion for a new trial and acted within its discretion in determining not to replace Digeser with an alternate juror, we reverse the court of appeals and remand with directions to consider any unresolved issues.

---

4. In *Leach v. State*, 47 Md.App. 611, 425 A.2d 234 (1981), the Maryland Court of Special Appeals was faced with a similar fact situation to the one presented here. In *Leach*, it was discovered that one of the jurors had been an old schoolmate and neighbor of the investigating officer. The trial judge determined that the juror's failure to disclose her acquaintance during *voir dire* was inadvertent and unintentional; that the relationship between the juror and the officer was minimal and had existed in the remote past; and that the juror could still render a fair and impartial verdict. *Id.* 425 A.2d at 238–39. The court of special appeals concluded that the trial judge did not err in refusing to strike the juror

after the case had begun or in failing to grant a mistrial. *Id.; State v. Doleszny*, 146 Vt. 621, 508 A.2d 693, 694 (1986) ("Knowing a witness does not automatically require removal of a prospective juror, particularly where there is no reason for the court to doubt the juror's belief that [s]he will be impartial."); *Henderson v. State*, 373 So.2d 1218, 1220 (Ala.Crim.App.1979) (finding that a motion for a mistrial should be denied where juror realized that she knew and was a neighbor of a witness in a criminal case and the juror stated that this relationship would not influence or affect her opinion about the case).

We echo the sentiments of the courts in *Leach*, *Doleszny*, and *Henderson*.