### Carl ROSE and Pamela Rose, Plaintiffs–Appellees,

v.

### COLORADO FACTORY HOMES, d/b/a New Vision Homes, Inc., a Colorado corporation, Defendant–Appellant.

No. 98CA1662.

Colorado Court of Appeals, Div. V.

Feb. 17, 2000.

Certiorari Denied Sept. 18, 2000.

Fisher & Sweetbaum, P.C., Alan Sweetbaum, Brad Ramming, Denver, Colorado, for Plaintiffs–Appellees

Thomas R. French, P.C., Thomas R. French, Fort Collins, Colorado, for Defendant–Appellant

Opinion by Judge KAPELKE.

In this action for negligence and revocation of acceptance arising from the sale of a modular home, defendant, Colorado Factory Homes d/b/a/ New Vision Homes, Inc. (seller), appeals from the trial court judgment entered upon a jury verdict in favor of plaintiffs, Carl and Pamela Rose (buyers). We affirm.

In 1994, the parties entered into a written purchase contract for the sale of a modular home. After the buyers moved into the home, they noticed a number of cosmetic and structural defects. They reported the defects to seller's president, who indicated that they would be remedied.

After repairs had been made, buyers informed seller that they accepted the home. In October 1995, however, buyers complained that additional work was needed with respect to structural components of the home. Buyers then filed this action against seller and also against the manufacturer of the modular home.

In their original complaint, buyers asserted claims against seller for negligence and breach of warranty and also claims against the manufacturer for breach of warranty and revocation of acceptance. Prior to trial, buyers settled their claim against the manufacturer and amended their complaint to add a claim against seller for revocation of acceptance.

Following trial, the jury returned a verdict in favor of the buyers on their claim of revocation of acceptance. The jury also found in favor of buyers on their claim of negligence, but found that they had not incurred damages as to that claim. This appeal followed.

I.

Seller first contends it is entitled to a new trial because a juror engaged in misconduct by failing to give full and accurate answers to questions asked during voir dire.

A juror's failure to answer material questions truthfully during voir dire, if discovered during trial, may justify the removal of that juror and replacement with an alternate or result in a declaration of mistrial. However, a prospective juror's untruthful answers on voir dire do not automatically entitle a party to a new trial. *Allen v. Ramada Inn, Inc.*, 778 P.2d 291 (Colo.App.1989).

If a juror's nondisclosure was inadvertent, it must be shown that the undisclosed facts were such as to have created an actual bias. Absent such a showing, it will be assumed that the juror followed the instructions of the court and decided the case based solely on the evidence and the law. *People v. Christopher*, 896 P.2d 876 (Colo. 1995); *People v. Dunoyair*, 660 P.2d 890 (Colo.1983).

Further, the trial court is in the best position to view the demeanor of the juror, and its decision will not be disturbed on appeal unless the record affirmatively demonstrates that the court abused its discretion. *People v. Christopher, supra; People v. Russo*, 713 P.2d 356 (Colo.1986).

Here, during voir dire, seller's counsel asked the juror if she knew any of the witnesses, and she responded that she knew the

independent contractor hired by seller to set up the buyers' home. She also stated that she had purchased a modular home and that the same contractor had performed most of the service warranty work. In addition, she said she had not had any problems with the home and was generally satisfied with it.

In support of its motion for new trial, seller submitted affidavits of its president and of the wife of the independent contractor who had done the set-up work on buyers' home. According to the affidavits, seller had assumed dealer-related responsibility for the modular home sold to the juror, and the juror had complained orally and in writing of defects in her own modular home and had also had warranty work performed. In addition, the seller's president stated in his affidavit that the juror's mother-in-law had bought a modular home from seller and had had problems with the work performed by seller and others. Attached to seller's affidavit was a letter the juror had sent to seller's service department requesting repair of certain items of the modular home she had purchased.

In response to the motion for new trial, buyers submitted an affidavit of the juror herself. She stated, among other things, that: (1) she "completely and honestly answered all the questions which were put to [her] during *voir dire* by the court;" (2) she was "completely satisfied with the quality of the warranty work which was performed by [seller];" (3) she was "completely satisfied with the home;" (4) her "failure to disclose that [her] mother-in-law [had] purchased a home was not deliberate and was not intended in any way to be a deliberate non-disclosure of a relevant fact;" and (5) her verdict was based upon what she "believed to be a fair and impartial review of the evidence and the instructions."

Under these circumstances, we conclude that seller has not established that any non-disclosures by the juror were intentional or that any undisclosed fact created an actual bias. *See People v. Christopher, supra.* Accordingly, we find no basis for concluding that the trial court abused its discretion in denying the motion for new trial.

## II.

■ Seller next contends that a new trial is required because the verdicts on the buyers' claims are inconsistent. We perceive no basis for reversal.

■ Jury verdicts will not be disturbed for inconsistency if a review of the record indicates any basis for the verdicts. Our duty, as a reviewing court, is to try to reconcile the jury's verdicts if at all possible. *Gutierrez v. Bussey,* 837 P.2d 272 (Colo.App.1992).

Here, the court instructed the jury on both the negligence and revocation of acceptance claims. As noted, on the claim of negligence, the jury found that seller had been negligent but awarded no damages. On the claim of revocation of acceptance, the jury found that the value of the home was substantially impaired as a result of defects and that buyers were therefore entitled to revoke their acceptance and recover the amount they had paid.

In its order denying seller's motion for new trial, the trial court found that the jury's verdicts could be reconciled: the jury could have consistently found that the value of the buyers' modular home had been substantially impaired and that the buyers were therefore entitled to revoke their acceptance, and also found that because the buyers were entitled to a refund of their monies, they were not also entitled to an award of damages on their negligence claim. We agree with the trial court's analysis. Therefore, because the jury's verdicts may be reconciled on this basis, we conclude that they were consistent. Accordingly, a new trial is not required.

## III.

Seller next contends that the trial court improperly denied its motions for directed verdict and judgment notwithstanding the verdict. We disagree.

■ Specifically, seller urges that the court erred in denying its motions since a provision of the purchase contract effectively excluded the buyers' right to revoke their acceptance. In support of this argument, seller relies on § 4–2–719(1)(a), C.R.S.1999, which allows parties to limit a buyer's remedies.

A paragraph of the contract for the purchase of the home stated, in pertinent part, as follows:

I ALSO AGREE THAT ONCE I HAVE ACCEPTED THE UNIT, EVEN THOUGH THE MANUFACTURER(S)' WARRANTY DOES NOT ACCOMPLISH ITS PURPOSE, THAT I CANNOT RETURN THE UNIT TO YOU AND SEEK A REFUND FOR ANY REASON.

The trial court found that this provision purporting to disallow return of the modular home was ambiguous and should not be read to preclude the remedy of revocation of acceptance. We conclude that even if the provision can be read to exclude the remedy of revocation of acceptance, it would be unenforceable under the circumstances here.

When a limitation of remedies that would exclude revocation of acceptance fails of its essential purpose, the buyer is entitled to employ the remedy of revocation of acceptance.

When the seller cannot cure the defects by repeated attempts to repair, a limitation of remedy to repair fails of its essential purpose and the buyer is then free to revoke acceptance of the goods.

4 Ronald A. Anderson, *Uniform Commercial Code* § 2–608:13 (3d ed.1997); *see also Fode v. Capital RV Center, Inc.*, 575 N.W.2d 682 (N.D.1998); *Murray v. D & J Motor Co.*, 958 P.2d 823 (Okla.App.1998); 1 James J. White & Robert S. Summers, *Uniform Commercial Code* § 12–10 (4th ed.1995); *cf., Cooley v. Big Horn Harvestore Systems, Inc.*, 813 P.2d 736 (Colo.1991) (where purchase agreement establishes that only warranty is to repair or replace defective parts and contains no unambiguous provision reflecting parties' intent to preclude recovery of consequential damages even when sole remedy fails of its essential purpose, consequential damages remedy remains viable notwithstanding contract disclaimer).

Here, the seller in its contract purported to limit buyers' remedy to repair of the modular home. However, as the record indicates, and the jury apparently determined, seller's repair remedy had proven unsuccessful and had failed to achieve its essential purpose—the value of the home remained substantially impaired. Accordingly, under these circumstances, buyers had the right to revoke acceptance notwithstanding the provision of the contract purporting to exclude that remedy.

We therefore find no basis for reversal in the court's denying seller's motions for directed verdict or judgment notwithstanding the verdict.

### IV.

Seller also contends that the trial court improperly failed to instruct the jury on one of its affirmative defenses. Again, we disagree.

Specifically, seller contends that the court erred by giving an instruction that failed to address the provision in the contract that purported to preclude buyers from returning the modular home after acceptance. Because, as discussed above, the provision was ineffective to exclude the remedy of revocation of acceptance under the circumstances here, we find no error.

### V.

■ Seller next contends that the trial court, by giving jury instruction No. 19, improperly shifted the burden of proof to seller. We reject this contention.

Instruction No. 19 reads as follows:

[Buyers] may not recover on their claim for revocation of acceptance if the [seller] establishes the affirmative defense that the [buyers] failed to revoke any acceptance within a reasonable time after learning that [the seller] would not seasonably cure the alleged defect.

We agree that the burden was on the buyers to show that their revocation of acceptance was effected within a reasonable time. That burden was properly placed, however, in Instruction No. 17, which the court gave. That instruction reads in pertinent part as follows:

In order for [buyers to recover from [sellers] on [their] claim of revocation of acceptance, you must find all of the following have been proved:

. . . .

5. The revocation of acceptance occurred within a reasonable time after the [buyers] discovered or should have discovered the grounds for the revocation of acceptance and before any substantial change in the condition of the mobile home occurred which was not caused by any defect in the mobile home. . . .

Significantly, that instruction mirrors the language of § 4–2–608(2), C.R.S.1999, the applicable provision of the Uniform Commercial Code.

Further, we note that although seller's counsel objected to the giving of instruction 19, he did not indicate that his objection was based on a misallocation of the burden of proof. Counsel simply stated: "It's our position that that is an insufficient statement of the law" and "what we're asking is that our proffered instruction be given in lieu of that instruction."

▮ Notably, the instruction tendered by seller contained improper and inaccurate statements of the law, including a statement that buyers were required to bring their action within one year, rather than within three years, as provided by the statute.

Under these circumstances, the court's giving of instruction 19 and its refusal to give seller's tendered instruction do not mandate reversal.

## VI.

▮ Finally, seller contends that the trial court improperly admitted evidence of the buyers' good character. We perceive no basis for reversal.

Buyers' former attorney testified at trial. When he was asked whether there had been a problem with workers not showing up to perform repairs to the buyers' home, he replied: "And again, I didn't see the site, but I understand from them [buyers], and *they're very honest people* . . . ." (emphasis added) The court overruled seller's objection to the comment and denied the request to strike that testimony.

CRE 404(a) provides that evidence of a person's character or character trait is generally not admissible for the purpose of proving that on a given occasion the person acted in conformity with that character or character trait. *See also People v. Gaffney,* 769 P.2d 1081 (Colo.1989).

Here, the buyers' character for truthfulness or untruthfulness, as such, had not been placed in issue. Therefore, the attorney's statement should not have been admitted.

▮ However, whether the improper admission requires reversal and a new trial hinges on the nature of the error involved. Under CRE 103(a), error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.

The challenged remark by the attorney here was brief, isolated, and unsolicited. It was made in response to the question, "Was there a problem with workers not showing up?" No further reference to the remark or to buyers' character was made. We conclude that, under the circumstances, the admission of the comment did not substantially influence the verdict or affect the fairness of the trial proceedings and that any error was therefore harmless. *See People v. Gaffney, supra.*

Judgment affirmed.

Judge DAVIDSON and Judge PIERCE* concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.