The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Anthony T. MENDEZ, Defendant–Appellant.

No. 94CA0191.

Colorado Court of Appeals, Div. II.

April 6, 1995.

As Modified on Denial of Rehearing May 25, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Sandra K. Mills, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Anthony Mendez, appeals a judgment of conviction entered on jury verdicts finding him guilty of attempted first degree murder, first degree assault, and crime· of violence. He also challenges the sentence imposed. We affirm the judgment, but remand the cause for correction of the sentence and mittimus.

The defendant's conviction arose out of an incident which occurred in the bedroom of his home where he severely beat his wife with a rifle barrel. The beating caused her to suffer permanent physical injuries and severe brain damage. Defendant admitted that he beat his wife, but maintained that his actions were the result of a sudden heat of passion and loss of self-control rather than a reasoned and deliberate response to a fight the couple had.

I.

Defendant first contends the court erred in failing properly to instruct the jury on the elements of attempted first degree murder. We agree, but find no reversible error.

At the close of the evidence, the jury was instructed on the offense of attempted first degree murder .as follows:

The elements of the crime of Criminal Attempt To Commit Murder In The First Degree are:

(1) That the Defendant,

(2) in the City and County of Denver, State of Colorado, on or about June 1, 1993,

(3) with intent,

(4) engaged in conduct constituting a substantial step toward the commission of Murder in the First Degree.

The elements of Murder in the First Degree are:

(1) That the Defendant,

(2) in the City and County of Denver, State of Colorado, on or about June 1, 1993,

(3) with intent,

(4) to cause the death of a person other than himself, and

(5) after deliberation,

(6) caused the death of that person or another person.

Defendant maintains that this instruction failed properly to set forth all of the essential elements of the offense of attempted first degree murder after deliberation. He argues that the first part of the instruction dealing with criminal attempt must advise the jury that the act required for attempt must be both intentional and after deliberation when first degree murder after deliberation is the offense attempted. Put another way, he argues that the prosecution must prove that he decided to commit first degree murder with deliberation at the time of the act constituting the attempt; therefore, the act must also be with deliberation.

The defendant did not object to the instruction at the time of trial. Therefore, our review is under the plain error standard which requires reversal only if, after reviewing the record, it may be said with fair assurance that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judg-

ment of conviction. *See* Crim.P. 52(b); *Wilson v. People,* 743 P.2d 415 (Colo.1987).

This issue is governed by *Gann v. People,* 736 P.2d 37 (Colo.1987). In *Gann,* the jury was similarly instructed in two separate instructions; one for attempt and one for first degree murder. The instruction with regard to first degree murder, as here, required both intent and deliberation. The supreme court stated:

An accused 'commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense.' ... In this case, a 'substantial step' under the criminal attempt statute requires proof of the intent to commit first-degree murder.... First-degree murder includes the additional culpability element of an act committed after deliberation and with the intent to kill the victim.... Thus, the crime charged requires both the intent to commit first-degree murder and that the act be after deliberation....

Instruction four [attempt] was erroneous because the jury was instructed on only one of the elements of culpability. The instruction omitted any reference to the requirement that the defendant must have acted after deliberation and with the intent to kill.... We therefore disapprove of the trial court's formulation of instruction four.

*We conclude, however, that the erroneous attempt instruction did not constitute plain error.*

*Gann v. People, supra,* at 39 (emphasis added).

In our opinion, in those instances in which attempted first degree murder after deliberation is charged, item 3 of the attempt portion of the instruction should read, "with the intent to cause the death of a person other than himself and after deliberation."

This instructional defect, however, does not constitute plain error that would require reversal. *Gann v. People, supra.*

## II.

During deliberations the jury sent the court a note that read:

We need more information on what 1st degree & 2nd degree is we can't fully see the full Diff.

1. Knowingly
2. Intent

After conferring with counsel, the court sent the following response to the jury:

In response to the above question, you have been provided with the definitions of 'knowingly' and 'intent' in Instruction No. 14. The Court has no additional definitions to give you.

Defendant contends that the trial court erred in its response to the jury's question in that the response failed to clarify the difference between first and second degree murder because it failed to direct the jury to the definition of "deliberation" which was also included in the instructions. Again, we disagree.

Defendant concedes that, because he failed to raise this objection in the trial court, his arguments must once again be considered under a plain error standard of review. *See* Crim.P. 52(b); *Wilson v. People, supra.* It appears from the record, however, that not only did the defendant fail to object to the response, defense counsel actively participated in the preparation of the response and approved it. In such circumstances, the defendant is prevented from now asserting error with respect to the response. *People v. Trujillo*, 860 P.2d 542 (Colo.App.1992). In any event, we disagree with defendant's assertion.

■ When a jury during its deliberations expresses any misunderstanding or confusion, the trial court should give an additional or supplemental instruction responding to an inquiry when the misunderstanding relates to a matter of law central to the guilt or innocence of the defendant. *Boothe v. People*, 814 P.2d 372 (Colo.1991). However, no additional or supplemental instruction is required when original instructions adequately inform the jury. *People v. Alexis*, 806 P.2d 929 (Colo.1991). Indeed, in such a cir-

cumstance, the giving of additional or supplemental instructions invites error.

■ In this instance, the jury merely requested clarification as to the meaning of terms defined in the instructions. The terms were defined by statute. *See* §§ 18–1–501(5) and 18–1–501(6), C.R.S. (1986 Repl.Vol. 8B). The modification, expansion, or clarification of the definition of a term defined by statute is not recommended, especially when the definitions have been approved by the supreme court for use in criminal proceedings. *See COLJI–Crim.* No. 6:01 (1983).

■ In addition, when the jurors express confusion with respect to the meaning of defined terms contained in the instructions, it would likely be error to direct their attention to additional terms concerning which they have not expressed confusion or reservation. *Leonardo v. People*, 728 P.2d 1252 (Colo. 1986). Hence, we find no reversible error in the court's response to the jury.

## III.

■ Defendant's final contention is that the court erred in imposing a period of parole as part of his sentence. We agree.

Section 17–22.5–303(6), C.R.S. (1994 Cum. Supp.) provides, in pertinent part:

Any person sentenced for a class 2, class 3, class 4, class 5, or class 6 felony committed on or after July 1, 1985, shall be eligible for parole after such person has served the sentence imposed less any time authorized for good time ... and for earned time.... Upon an application for parole, the state board of parole, working in conjunction with the department and using the guidelines established pursuant to § 17–22.5–404, shall determine whether or not to grant parole and, if granted, the length of the period of parole, which may be for a period of up to five years.

Under this statutory language, it is apparent that only the parole board has the authority to determine whether and for what period parole is appropriate. This is a function of the executive department. The General Assembly has removed from the trial courts the authority to make this determina-

**872**

tion, and the imposition of a period of parole by the trial court is beyond its jurisdiction. Therefore, the cause must be remanded for correction of the sentence and mittimus deleting the reference to the period of parole.

The judgment is affirmed and the cause is remanded for correction of the sentence and mittimus.

CRISWELL and BRIGGS, JJ., concur.