[No. E017114. Fourth Dist., Div. Two. Nov. 26, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY W. BURY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III, IV, V and VI.

**COUNSEL**

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

HOLLENHORST, J.—Defendant Larry W. Bury appeals from the sentence imposed pursuant to his conviction for petty theft with a prior, alleging several errors in relation to the sentencing. We affirm.

### I. PROCEDURAL HISTORY

In an amended information filed March 22, 1995, by the District Attorney of Riverside County, defendant was charged with petty theft with a prior conviction (Pen. Code, § 666).[1] Three prior offenses were alleged: robbery in 1975 (§ 211); possession of controlled substances in 1981 (Health & Saf. Code, § 11377); and petty theft with a prior in 1990 (§ 666). It was also alleged that for each of these three prior offenses, defendant did not remain free of prison custody, and committed another crime resulting in a felony conviction during, a period of five years, within the meaning of section 667.5, subdivision (b). Three special prior offenses were also alleged: forcible rape in 1980 (§ 261, subd. (2)); forcible oral copulation in 1980 (§ 288a); and robbery in 1975 (§ 211). It was also alleged that each of the three special prior offenses were serious and violent felonies within the meaning of sections 667, subdivisions (c) and (e) and 1170.12, subdivision (c).

A jury found defendant guilty of petty theft and, in a separate proceeding, found that all allegations of prior convictions were true. The court denied motions to strike the prior convictions for forcible rape and forcible oral copulation and to reduce the section 666 violation to a misdemeanor. Defendant was sentenced to 28 years to life.

### II.-VI.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### VII. APPLICATION OF THE THREE STRIKES LAW TO PETTY THEFT WITH A PRIOR

The three strikes law only applies if the current offense is a felony and the defendant has prior violent or serious felony convictions. (§ 667, subds. (b) & (c).) California defines "felony" and "misdemeanor" in terms of the prison sentence imposed. "Section 16 classifies 'crimes and public offenses' as felonies, misdemeanors and infractions. A felony is a crime punishable

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

*See footnote, *ante*, page 1873.

with death or by imprisonment in the state prison. (§ 17, subd. (a).) Every other crime or public offense not an infraction is a misdemeanor. (*Ibid.*)

■ If a given statute, however, does not define the nature of the crime as either a felony or a misdemeanor, but merely specifies a punishment, the test of the nature or status of the offense, which only applies to this special class of felony-misdemeanor offenses or so-called wobblers, becomes the actual punishment imposed. [Citations.]" (*People* v. *Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 355 [45 Cal.Rptr.2d 107]; see also *In re Jovan B.* (1993) 6 Cal.4th 801, 808, fn. 2 [25 Cal.Rptr.2d 428, 863 P.2d 673].) Section 17, subdivision (b) delineates other circumstances under which a wobbler may be a misdemeanor: if the court imposes a punishment other than imprisonment in the state prison, or if the prosecuting attorney files a complaint specifying that the offense is a misdemeanor without objection by the defendant.[3]

■ In a supplemental brief, defendant contends the three strikes law may not be applied to petty theft with a prior because the underlying offense, petty theft, is itself a misdemeanor. He cites *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076] as supporting his contention, in that the court held that the prior offense is a "sentencing factor," rather than an element of petty theft with a prior. (*Id.,* at pp. 474-475.) While *Bouzas* does indeed hold this, it does not support defendant's contention.

Section 666 provides in pertinent part: "Every person who, having been convicted of . . . robbery . . . and having served a term therefor in any penal institution . . . is subsequently convicted of petit theft, then the person . . . is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." The court therefore has the discretion to treat petty theft with a prior as either a misdemeanor or a felony. (*People* v. *Bouzas, supra,* 53 Cal.3d 467, 471.) Because defendant had been previously

---

[3]Section 17, subdivision (b) provides: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison. [¶] (2) When the court, upon committing the defendant to the Youth Authority, designates the offense to be a misdemeanor. [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor. [¶] (4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint. [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

convicted of robbery, he was subject to the instant theft being treated as a felony.

Here, the court specifically considered and denied a motion to reduce the crime to a misdemeanor, choosing instead to treat it as a felony. The court based its decision on defendant's long and continuous history of recidivism. None of the factors delineated in section 17, subdivision (b), defining a crime as a misdemeanor, apply. Therefore, the crime of petty theft with a prior was a felony. It was not a misdemeanor that carried the potential for a longer sentence. It was, simply, a felony.

Because the court chose to consider the charge of petty theft with a prior as a felony, and because the three strikes law is applicable when a defendant is convicted of a felony and has one or more prior convictions for one or more serious or violent felonies, defendant was properly sentenced according to the provisions of the three strikes law.

## VIII. DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and Ward, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 12, 1997. Chin, J., did not participate therein. Mosk, J., was of the opinion that the petition should be granted.