The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Clifford JOHNSON, Defendant–Appellant.

No. 00CA1639.

Colorado Court of Appeals,
Div. III.

Oct. 24, 2002.

Rehearing Denied Feb. 20, 2003.

Certiorari Denied July 21, 2003.

Ken Salazar, Attorney General, Wendy J. Ritz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Clifford Johnson, appeals the judgment of conviction entered upon a jury verdict finding him guilty of attempted first degree murder, first degree assault, first degree burglary, three counts of menacing, violation of a restraining order, two counts of child abuse, and crime of violence. He also appeals his habitual criminality adjudication and sentence. We affirm in part, reverse in part, and remand with directions.

Defendant and the victim were married, but separated at the time of the events at issue. According to the victim's statement to the police, shortly after she moved out of the marital home, defendant went to her place of business and, in the presence of their two young children, slashed her with a utility knife. Witnesses at trial corroborated that account. At trial, however, the victim changed her story, testifying instead that the knife was hers and that she was injured in a struggle with defendant. She testified that she fabricated her original account to the police because she was angry with defendant.

A senior judge, sitting by assignment, conducted the trial on the substantive charges. However, another judge presided at the habitual criminal hearing and imposed the sentence. Defendant requested a continuance of the hearing on the habitual criminal charges based on a statutory requirement that such a hearing be conducted by the judge who presided at the trial on the substantive charges.

The court denied the motion, proceeded with the hearing, and adjudicated defendant a habitual criminal.

## I.

Defendant first contends that the court violated his right to a fair trial by an impartial jury by allowing expert testimony concerning "battered woman's syndrome" and the "cycle of violence." We disagree.

During the trial, the prosecution called an expert in the areas of domestic violence and battered woman's syndrome to explain the cycle of violence and the reasons that domestic violence victims sometimes recant their stories. Defendant objected that, because there was no evidence of a longstanding violent relationship between defendant and the victim, such testimony would be irrelevant and of no assistance to the jury. The court allowed the testimony.

The determination whether a witness is qualified to render an opinion helpful to the jury is left to the discretion of the trial court and will not be disturbed absent a clear showing of an abuse of discretion. *Huntoon v. TCI Cablevision, Inc.*, 969 P.2d 681 (Colo. 1998). An abuse of discretion does not occur unless the trial court's ruling is manifestly arbitrary, unreasonable, or unfair. *People v. Copeland*, 976 P.2d 334 (Colo.App.1998), *aff'd*, 2 P.3d 1283 (Colo.2000).

CRE 702 governs a trial court's determination as to whether expert testimony should be admitted. *People v. Shreck*, 22 P.3d 68 (Colo.2001). The inquiry should focus on whether the substance of the testimony will be helpful to the jury and whether the witness is qualified to render an expert opinion on the subject in question. *Brooks v. People*, 975 P.2d 1105 (Colo.1999). This inquiry requires a determination of the reliability of the underlying principles, the qualification of the witness, and the usefulness of the testimony to the jury. *People v. Shreck*, *supra*. If the testimony is admissible under CRE 702, the court must then determine whether the probative value of that evidence is substantially outweighed by the danger of

unfair prejudice. CRE 403; *Brooks v. People, supra.*

■ We reject defendant's assertion here that opinion evidence regarding battered woman's syndrome and cycle of violence was irrelevant and unhelpful to the jury because there was no evidence of previous domestic violence. As the trial court noted, a police officer had testified that defendant acknowledged having been in prior violent altercations with the victim, although he denied having actually physically assaulted her. That evidence provided a sufficient foundation.

■ Further, in light of defendant's later testimony admitting that he had a prior conviction in California for spousal injury involving the victim here, any alleged foundational error in the admission of this evidence was harmless.

■ The expert did not testify concerning the specific facts of this case or indicate that he had any knowledge of the actual relationship between defendant and the victim. Rather, the thrust of the expert's testimony was that victims of spousal abuse often recant their accusations of abuse. The expert went on to list several factors that can lead to such recantations.

■ Significantly, "[i]n cases involving domestic violence, expert testimony concerning the reasons for victims' recantations is admissible." *People v. Lafferty,* 9 P.3d 1132, 1135 (Colo.App.1999). The victim here had changed her story, and thus the expert's testimony was relevant to the victim's credibility, a key issue in the case.

With respect to the admissibility of this opinion evidence under CRE 403, we find no abuse of discretion.

■ In reviewing a trial court's ruling on admissibility of evidence under CRE 403, we "must afford the evidence the maximum probative value attributable by a reasonable fact finder and the minimum unfair prejudice to be reasonably expected." *People v. Gibbens,* 905 P.2d 604, 607 (Colo.1995). Given that the opinion evidence here was relevant to the issue of the victim's credibility and that the expert did not testify regarding the specific relationship between defendant and the victim, the probative value of the evidence was not substantially outweighed by any unfair prejudicial effect.

■ Further, while we recognize that *People v. Shreck, supra,* states that a trial court must make specific findings as to its determinations under CRE 403 and 702, we find no basis for reversal here for lack of sufficient findings.

The reliability of the principles underlying the battered woman opinion evidence is well recognized. *See People v. Lafferty, supra; People v. Yaklich,* 833 P.2d 758 (Colo.App. 1991). Moreover, its helpfulness to the jury here in gauging the victim's credibility is plain. Similarly, as discussed, the evidence was admissible under the balancing test of CRE 403.

Accordingly, we conclude that any error by the court in failing to make specific findings is harmless under the circumstances.

## II.

Defendant next contends that his conviction for attempted first degree murder must be reversed because the elemental jury instruction omitted the "after deliberation" component of the mens rea element. We perceive no basis for reversal.

Because defendant failed to object to the jury instruction at trial, we review under a plain error standard and will reverse only if the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. Crim. P. 52(b); *People v. Fichtner,* 869 P.2d 539 (Colo.1994).

■ A person commits criminal attempt if, "acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense." Section 18–2–101(1), C.R.S.2002. A conviction for attempted first degree murder requires proof that the defendant acted with the intent to kill and after deliberation. *Gann v. People,* 736 P.2d 37 (Colo.1987); *People v. Caldwell,* 43 P.3d 663 (Colo.App. 2001).

The jury instruction defining attempted murder should thus include "after deliberation" as a required element of the offense, and the omission of that element constitutes error. *See Gann v. People, supra; People v. Caldwell, supra.* Nevertheless, such omission "is not plain error so long as the instructions, read and considered in their entirety, clearly instruct the jury as to the required mens rea." *Gann v. People, supra,* 736 P.2d at 39.

Here, the instruction advised the jurors that to find defendant guilty of attempted first degree murder, they must find beyond a reasonable doubt that he "intentionally engaged in conduct constituting a substantial step toward the commission of Murder in the First Degree." Another instruction informed the jurors that to be guilty of first degree murder, one must have acted with the intent to kill and after deliberation.

Taken together, the jury instructions here, like those in *Gann* and *Caldwell,* informed the jurors that to find defendant guilty of attempted first degree murder, they must find that he intentionally engaged in conduct constituting a substantial step toward committing first degree murder, a crime that requires deliberation. Thus, the instructions, considered as a whole, adequately advised the jury of the required mens rea for the offense. Therefore, we find no plain error.

Further, even if we were to apply the more rigorous standard for alleged constitutional error, we would find no basis for reversal. Under the circumstances here, we are confident beyond a reasonable doubt that the instructional error did not contribute to the guilty verdict obtained. Accordingly, the error was harmless. *See Griego v. People,* 19 P.3d 1 (Colo.2001).

## III.

Defendant next contends that his child abuse convictions must be reversed because the jury instruction omitted the required element that the child be "unreasonably" placed in danger. We disagree.

Because defendant failed to object to the jury instruction at trial, we again review the instruction under a plain error standard. *See People v. Fichtner, supra.*

As relevant here, a person commits child abuse by permitting "a child to be *unreasonably* placed in a situation that poses a threat of injury to the child's life or health." Section 18–6–401(1)(a), C.R.S.2002 (emphasis added).

Here, the jury instruction informed the jury that the elements of the crime of child abuse are that the defendant, "without justifiable excuse," knowingly permitted his children to be placed in a situation that endangered their lives or health. The instruction thus contained the phrase "without justifiable excuse," rather than the word "unreasonably."

Although the language of the instruction did not match that of the statute, we find no plain error. Defendant has not demonstrated that there is any significant difference between acting "without justifiable excuse" and acting "unreasonably," nor has he indicated how, under the facts of this case, a jury could have found that his acts were without justifiable excuse, but nonetheless reasonable. Accordingly, the discrepancy in the language of the instruction did not so undermine the fundamental fairness of the trial as to cast doubt on the reliability of the verdict. Further, we are again confident beyond a reasonable doubt that the instructional error did not contribute to the guilty verdict. The error was thus harmless beyond a reasonable doubt.

## IV.

Defendant next contends that his habitual criminal adjudication must be reversed because the judge who conducted that hearing was not the same judge who had presided at the trial on the substantive offenses. Under the circumstances here, we agree.

Upon a defendant's conviction of the substantive offense, the court must conduct a hearing to determine if the defendant's penalty should be enhanced because of prior felony convictions. Section 18–1.3–803(1), C.R.S.2002 (formerly § 16–13–103(1)), provides: "As soon as practicable, the hearing shall be conducted by the judge who presided

at trial or before whom the guilty plea was entered or a replacement for said judge in the event he or she dies, resigns, is incapacitated, or is otherwise disqualified as provided in section 16–6–201, C.R.S."

If the language of a statute is clear and unambiguous, we must apply the statute as written. *Dunton v. People*, 898 P.2d 571 (Colo.1995).

Section 18–1.3–803(1) provides in clear and unambiguous language that the habitual criminal hearing shall be conducted by the judge who presided at the trial, subject to four stated exceptions.

None of the exceptions was shown to be present here. The court did not find, and the People do not suggest, that the senior judge who presided at the trial on the substantive offense counts had died, resigned, or become incapacitated, or that he was disqualified from hearing the matter for any of the reasons set forth in § 16–6–201, which essentially addresses conflict of interest situations. The court merely found that that judge "is not available." Mere unavailability, however, is not one of the listed exceptions to the mandate in § 18–1.3–803(1).

 Accordingly, under the circumstances, we agree with defendant that he was entitled to have the habitual criminal hearing conducted by the same judge who presided at the trial on the substantive offense counts. Defendant's conviction and sentence on the habitual criminal counts must therefore be reversed and the case remanded for a new hearing on those counts. Such new hearing shall be conducted by the judge who presided at the substantive trial, absent a showing that an exception in § 18–1.3–803(1) now applies.

Because the issues may arise again in connection with the retrial of the habituality counts and any resentencing, we address defendant's additional contentions.

## V.

Defendant contends that (1) the information was defective and did not confer jurisdiction upon the trial court as to the habitual criminal counts, and (2) the prosecution had to prove that the prior convictions were for offenses that would be felonies in Colorado. We reject the contentions.

At the hearing on the habitual criminal counts, defendant argued that those counts were defective because they did not allege that each of the prior convictions was for an offense that would be a felony in Colorado. The trial court ruled that the counts were sufficient because they alleged that each prior conviction was a felony in California, the state of conviction.

 The Colorado Supreme Court addressed this issue in *People v. Drake*, 785 P.2d 1257, 1267 (Colo.1990), holding: "If the crime the defendant was convicted of outside of Colorado was a felony in the state in which the defendant was convicted, the People need not allege in the information or the indictment that the crime is a felony in Colorado." The court went on to hold that the prosecution need not prove the crimes would have been felonies in Colorado so long as they were felonies in the state in which the defendant was convicted. Those holdings are dispositive of defendant's contentions here.

## VI.

Defendant next asserts that his habitual criminal convictions must be reversed because he was entitled to a jury trial on those counts. We disagree.

 Because "there is no right to jury trial in habitual criminal proceedings," Colorado's statute authorizing the court to determine the habitual criminality issues does not violate the Sixth Amendment or the right to a jury trial under Colo. Const. art. II., § 16. *People v. Edwards*, 971 P.2d 1080, 1082 (Colo.App.1998).

Further, in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435, 455 (2000), the United States Supreme Court stated: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" (emphasis added). The Court thus excluded prior convictions from its general rule. *See also Almendarez–Torres v.*

*United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

We therefore reject defendant's contention that he was entitled to a jury trial on the habitual criminal counts.

### VII.

Defendant next contends that one of the predicate California convictions—for the offense of "petty theft with a prior conviction"—is not a true felony conviction and cannot support an adjudication of habitual criminality. We disagree.

Section 18–1.3–801(2), C.R.S.2002 (formerly § 16–13–101(2)), provides that a person "convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony ... shall be adjudged an habitual criminal."

Under California law, a felony is a crime punishable by death or by imprisonment in the state prison. If, as here, a given statute does not define a crime as a felony or misdemeanor, "but merely specifies a punishment, the test of the nature or status of the offense, which only applies to this special class of felony-misdemeanor offenses or so-called wobblers, becomes the actual punishment imposed." *People v. Bury,* 50 Cal.App.4th 1873, 58 Cal.Rptr.2d 682, 683 (1996)(quoting *People v. Superior Court,* 38 Cal.App.4th 347, 45 Cal.Rptr.2d 107 (1995)).

Section 666 of the California Penal Code provides that one who has been convicted and imprisoned for certain theft-related crimes, and is subsequently convicted of petty theft, can be sentenced to "imprisonment in the county jail not exceeding one year, or in the state prison." Thus, under that statute, the California sentencing court has the discretion to treat the offense as either a felony or a misdemeanor for sentencing purposes. *People v. Bouzas,* 53 Cal.3d 467, 279 Cal.Rptr. 847, 807 P.2d 1076 (1991).

■ Here, defendant was convicted of "petty theft with a prior conviction." The California court sentenced him to a prison term and, in so doing, treated this offense as a felony. Because that conviction was therefore a felony under California law, it can properly serve as a predicate for a habitual criminal conviction under § 18–1.3–801(2). *See People v. Drake, supra; see also People v. Terry,* 47 Cal.App.4th 329, 54 Cal.Rptr.2d 769 (1996)(felony conviction for petty theft with a prior conviction can be a triggering offense for purposes of California's three strikes law). We therefore reject defendant's contention.

### VIII.

Defendant contends that his rights under the double jeopardy provisions of the United States and Colorado Constitutions were violated in the habitual criminal phase of his trial. Specifically, he argues that his California burglary conviction was illegally "double-counted" because it served as a predicate offense both for one of the Colorado habitual criminal counts and for the California conviction for "petty theft with a prior conviction," which was itself the predicate offense for another of the habitual criminal counts.

■ Because defendant did not raise this contention in the trial court, however, we decline to address it here. *See People v. Cagle,* 751 P.2d 614 (Colo.1988)(constitutional issues first raised on appeal will not be addressed); *People v. Williams,* 33 P.3d 1187 (Colo.App.2001).

### IX.

Finally, defendant contends that the trial court erred in ordering consecutive sentences for attempted first degree murder and first degree assault. We agree.

■ Section 18–1–408(3), C.R.S.2002, requires imposition of concurrent sentences for offenses committed against a single victim where the counts are based on the same act or series of acts arising from the same criminal episode and the evidence supporting the convictions is identical. *See Qureshi v. District Court,* 727 P.2d 45 (Colo.1986); *People v. Page,* 907 P.2d 624 (Colo.App.1995). Whether the evidence is "identical" for this purpose turns on whether the charges result

from the same discrete act or from two or more separate acts. *People v. Page, supra.*

█ Here, both the attempted first degree murder charge and the first degree assault charge resulted from and were based upon the same discrete act: defendant's slashing of the victim with a utility knife. Further, the record does not indicate that the prosecution relied on any separate acts by defendant to support the charges for these offenses. Accordingly, we conclude that concurrent sentences are required.

The judgment on the habitual criminal counts and the sentence are reversed. The case is remanded for a new hearing on those counts, for resentencing on all counts, and also for correction of the mittimus to reflect that defendant's sentences for attempted first degree murder and first degree assault shall run concurrently rather than consecutively. In all other respects, the judgment is affirmed.

Judge NEY and Judge NIETO concur.