The PEOPLE of the State of Colorado, Plaintiff–Appellee and Cross–Appellant,

v.

Reginald GILMORE, Defendant–Appellant and Cross–Appellee.

No. 01CA0120.

Colorado Court of Appeals, Div. II.

July 3, 2003.

Rehearing Denied Oct. 9, 2003.

Certiorari Denied Aug. 16, 2004.*

---

Whether the court of appeals erred in dismissing the People's cross-appeal on the 46th Whether the court of appeals erred in dismissing the People's cross-appeal on the 46th day after judgment and the day after the defendant below filed notice of appeal when the People were waiting to see if the defendant appealed before filing the cross-appeal.

Whether a timely filed prosecution cross-appeal is a prerequisite to correcting an illegal sentence on appeal.

Ken Salazar, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, Colorado; Jeanne M. Smith, District Attorney, Robin L. Whitinger–Chittum, Deputy District Attorney, Gordon R. Denison, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellee and Cross–Appellant.

David S. Kaplan, Colorado State Public Defender, Julie Iskenderian, Deputy State Public Defender, Jason C. Middleton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge CARPARELLI.

Defendant, Reginald Gilmore, appeals a judgment of conviction entered on a jury verdict that found him guilty of possession of a schedule II controlled substance with in-

tent to distribute, possession of a schedule II controlled substance, and two habitual criminal counts. The People appeal defendant's reduced sentence of twenty-four years in the Department of Corrections. We dismiss the People's appeal, affirm the judgment of conviction in part, vacate in part, and remand for correction of the mittimus.

During surveillance of an apartment, a member of the police team saw a man drive up and, later, leave the apartment with defendant. The man then drove away. The police stopped the car shortly thereafter and recovered crack cocaine from a woman passenger. The woman told the police that she purchased the cocaine at the apartment from a man known as "G."

The police obtained a "knock and announce" warrant, which they executed at the apartment three days later. They found defendant in the bathroom, where one piece of rock cocaine was on the floor and another in the toilet. Defendant stated that, when he heard the police outside the apartment door, he took a "crumb" off the kitchen counter and ran down the hall to dispose of it.

At the apartment, the police also found marijuana, a surveillance camera mounted outside the front door, dozens of squares of tinfoil of a size commonly used to package drugs for sale, a safe, a lock box, approximately $3,364 in cash, and documents that showed the apartment as defendant's address.

## I. The People's Appeal

We first address the People's appeal. The People contend that the trial court erred when, after an abbreviated proportionality review, it reduced defendant's mandatory sentence of seventy-two years in the Department of Corrections to twenty-four years. Defendant contends that, because the People filed their appeal after the expiration of the time allowed in C.A.R. 4(b)(2), we lack jurisdiction to consider it. We agree with defendant.

Defendant filed his notice of appeal challenging his convictions on the forty-fifth day after the judgment was entered. On the forty-sixth day, the People filed a motion to accept their appeal as timely filed. The People concede that their notice of appeal was not timely, but argue that it constitutes excusable neglect under C.A.R. 4(b)(1) "to wait for the opposing party to file a Notice of Appeal before filing Notice of Cross–Appeal if that is done in the interests of judicial efficiency in the case of an issue only to be pursued if the defendant initiates an appeal." They argue that, if they file appeals without waiting to see what defendants do, they will burden the court "with additional cases [the court] might not otherwise have."

A three judge panel of this court summarily granted the motion without comment. However, we conclude the People's appeal was untimely. Therefore, we are without jurisdiction to consider it.

### A. Section 16–12–102(1)

In their opening brief, the People state that this court has jurisdiction because the "District Attorney is statutorily obligated under § 16–12–102(1), C.R.S.2002, to appeal whenever a statute is held to be unconstitutional or inoperative, as has been held here." However, in their reply brief, the People contend that they were *not* statutorily obligated to appeal because this case falls under the exception in § 16–12–102(1) for cases that raise "the same issue of constitutionality [that] is already pending before a reviewing court in another case." They then argue that "it was not necessary to appeal this case to resolve the general question of the applicability or constitutionality of the Habitual Criminal Statute" because the same issue is pending in two cases before the supreme court. They further argue that, because they were not required to appeal, it was proper for them to wait to see whether defendant appealed. We reject this argument.

Under § 16–12–102(1), the district attorney is required to appeal any criminal case in which an "act of the general assembly is adjudged inoperative or unconstitutional ... unless the same issue of constitutionality is already pending before a reviewing court in another case."

Here, the trial court's decision to reduce the statutorily mandated sentence ren-

dered § 18–1.3–801(1.5), C.R.S.2002 (formerly codified as § 16–13–101(1.5)), inoperative with regard to defendant; it did not declare the Habitual Criminal Statute unconstitutional in any other case. Thus, "the same issue of constitutionality" was not already pending before a reviewing court in another case and the statute's exception to mandatory appeals does not apply. The People were obligated to file a timely appeal regardless of whether defendant appealed. Consequently, this aspect of the People's argument provides no basis to accept their untimely filing.

## B. C.A.R. 4(b)

C.A.R. 4(b)(2) provides that: "Unless otherwise provided by statute or Colorado appellate rule, when an appeal by the state or the people is authorized by statute, the notice of appeal shall be filed in the Court of Appeals within forty-five days after the entry of judgment or order appealed from."

 A reviewing court must strive to construe a statutory scheme in a manner that gives harmonious and sensible effect to all its parts. *People v. Pierrie*, 30 P.3d 816 (Colo. App.2001). The same rule of statutory construction applies to the interpretation of rules of procedure. *Watson v. Fenney*, 800 P.2d 1373 (Colo.App.1990).

Contrary to the People's contention, the excusable neglect provision in C.A.R. 4(b)(1) applies to appeals filed by defendants and not to appeals by the state or the People. C.A.R. 4(b)(2) controls those appeals. Unlike C.A.R. 4(b)(1), C.A.R. 4(b)(2) does not include language that allows extensions of time based on excusable neglect. Thus, neither C.A.R. 4(b)(1) nor C.A.R. 4(b)(2) permits this court to extend the time for notices of appeals by the People on grounds of excusable neglect.

In addition, C.A.R. 4(b) mandates that both parties submit their notices of appeal during the same forty-five-day period. The rule does not provide for sequential submissions, as is provided for civil cross-appeals. *See* C.A.R. 4(a) ("[i]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within fourteen days of the

date on which the first notice of appeal is filed").

For these reasons, we conclude that the People's appeal was untimely under C.A.R. 4(b)(2).

## C. C.A.R. 26(b)

We further conclude that C.A.R. 26(b) does not allow the People's untimely appeal.

C.A.R. 26(b) provides that: "The appellate court for good cause shown may upon motion enlarge the time prescribed by these rules . . . or may permit an act to be done after the expiration of such time." We conclude that there is not good cause to permit the People's late filing pursuant to C.A.R. 26(b).

The People cite *Estep v. People*, 753 P.2d 1241 (Colo.1988), for the proposition that "interests of judicial economy may properly be considered in deciding whether good cause permits [an appeal by the People] to be filed when a defendant files a direct appeal on the forty-fifth day." The People misinterpret the ruling in *Estep*.

In *Estep*, defendant's counsel negligently failed to file a timely appeal of the trial court's ruling on his Crim. P. 35 motion. The supreme court applied C.A.R. 26(b) and held that, when defense counsel's neglect is inexcusable,

> the court should consider further whether other factors weigh heavily in favor of permitting the late filing. Those factors include the potential prejudice the appellee may suffer from a late filing, the interests of judicial economy, and the propriety of requiring the defendant to pursue other remedies to redress his counsel's neglect.

*Estep v. People, supra*, 753 P.2d at 1248.

There, because the defendant's failure to file resulted from inexcusable neglect, he was not entitled to an extension of time under C.A.R. 4(b)(1). However, the court explained that if it declined to accept the appeal, the case would return to the courts because the defendant's remedy for the loss of his right to appeal would be to institute another Crim. P. 35(c) motion and allege that his counsel's negligence constituted ineffective assistance. *Estep v. People, supra*, 753 P.2d at 1248. In that context, the court concluded that requir-

ing the defendant to pursue yet another Crim. P. 35(c) motion "would not serve the 'interests of substantial justice and judicial economy.'" *Estep v. People, supra,* 753 P.2d at 1248 (quoting *Weason v. Colo. Court of Appeals,* 731 P.2d 736, 738 n. 2 (Colo.1987)). Instead, it served judicial economy to address the matter immediately rather than require the defendant to file, and the trial court to consider, a new Crim. P. 35 motion. The decision in *Estep* does not grant parties the power to intentionally forgo a timely filing when they conclude that it would be more efficient for the judiciary if they do so.

■ Here, the People's tardiness was not for lack of care. Instead, their failure to file within the allotted forty-five days was knowing and intentional. And, unlike the situation in *Estep,* if we decline the appeal based on C.A.R. 4(b)(2), the case will not return to the trial court on a new motion.

The People argue that they have a justifiable excuse for not filing because, had they not waited, they might have burdened the court with an additional case that it would not otherwise have had. While this might be reason for the supreme court to modify the rule, it does not constitute good cause for accepting the People's untimely appeal.

In light of this resolution, we need not address defendant's contention that the People's late appeal violated his right to due process.

## II. Documents Found in the Apartment

We now turn to defendant's appeal. Defendant contends that the trial court erred when it admitted the documents found in the apartment. We find that the error was harmless.

The documents were a work order from a cable company, a lay-away agreement for furniture, and two cash receipts related to the lay-away. Each document contained defendant's name above the address of the apartment. The court ruled that the documents were hearsay, but that they were admissible under CRE 807, the residual exception to the hearsay rule.

## A. CRE 901

Defendant first asserts that the documents were admitted without sufficient foundation or authentication as required by CRE 901. We disagree.

■ The requirement of authentication for admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. CRE 901(a). This requirement may be satisfied by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." CRE 901(b)(4). Whether a proper foundation has been established is a matter within the sound discretion of the trial court. *People v. Huehn,* 53 P.3d 733 (Colo.App. 2002).

■ At trial, the documents were offered to establish defendant's residence. Defendant objected, arguing a lack of authentication and foundation. On appeal, defendant argues that the police officer who found the documents could not testify that, in fact, the work order was from the cable company and the lay-away agreement was from the furniture company. However, defendant did not raise these specific authentication issues under CRE 901 at trial.

We conclude that, given the distinctive characteristics of the documents, the circumstances in which they were discovered, and the testimony of the police, the documents were properly authenticated. *See* CRE 901(a), (b)(4).

## B. CRE 807

Defendant also asserts that the court erred when it ruled that the documents were admissible under the residual exception to the hearsay rule. The People argue that the documents were admissible as adoptive admissions under CRE 801(d)(2) or as residual hearsay under CRE 807. Although we agree the documents were not admissible under the residual exception, any error was harmless.

■ To admit evidence under the residual hearsay exception, the court must determine, among other things, that the statement is more probative on the points for which it is

offered than any other evidence that the proponent could procure through reasonable efforts. CRE 807; *People v. Fuller*, 788 P.2d 741 (Colo.1990); *People v. Fry*, 74 P.3d 360, 2002 WL 31477777 (Colo.App. No. 00CA1459, Nov. 7, 2002).

■ We conclude that the trial court's ruling that these documents were more probative of defendant's address than other evidence was erroneous. Through reasonable efforts, the prosecution could have obtained other more probative evidence, including testimony from the landlord, neighbors, or individuals who were involved in the transactions described in the documents. The prosecution could also have obtained the lease, a utility bill, or a telephone bill and presented the necessary foundation under CRE 803(6).

Therefore, admission under the residual exception was improper.

## C. CRE 801(d)(2)

Although the People did not argue at trial that the documents were admissible as adoptive admissions under CRE 801(d)(2), they do so on appeal. On this record, we are unable to conclude that the court could have properly admitted the documents under that rule.

A statement is not hearsay when a party "has manifested an adoption or belief in its truth." CRE 801(d)(2). For example, if a defendant is present when another person makes a statement about him and the defendant does not deny the truth of the statement, the statement is admissible as an adoptive admission. *See People v. Pappadiakis*, 705 P.2d 983 (Colo.App.1985), *aff'd sub nom. Peltz v. People*, 728 P.2d 1271 (Colo.1986). Courts have also concluded that possession of a document can act as an adoption of its contents. *See United States v. Paulino*, 13 F.3d 20 (1st Cir.1994)(citing *United States v. Ospina*, 739 F.2d 448 (9th Cir.1984)).

■ On this record, we cannot conclude that the court could have admitted the documents under CRE 801(d)(2). *Cf. United States v. Ashby*, 864 F.2d 690 (10th Cir. 1988)(no error when the prosecution did not offer the documents to prove the truth of the information in them); *United States v. Mejias*, 552 F.2d 435 (2d Cir.1977)(same); *but see*

*United States v. Paulino, supra* (document found on premises admissible as adoptive admission).

## D. Harmless Error

Nonetheless, we conclude that any error regarding the admission of the documents was harmless.

■ A ruling that erroneously admits evidence requires reversal only when it affects a substantial right of the party against whom the ruling is made. *People v. Stewart*, 55 P.3d 107 (Colo.2002)(citing CRE 103(a)); *see also* C.A.R. 35(e); Crim. P. 52.

■ "If a reviewing court can say with fair assurance that, in light of the entire record of the trial, the error did not substantially influence the verdict or impair the fairness of the trial, the error may properly be deemed harmless." *People v. Gaffney*, 769 P.2d 1081, 1088 (Colo.1989); *see also King v. People*, 785 P.2d 596 (Colo.1990); *Tevlin v. People*, 715 P.2d 338 (Colo.1986).

Here, the issues were whether defendant possessed a controlled substance and whether he did so with the intent to distribute it.

■ The evidence showed that police found defendant in the bathroom near cocaine on the floor and in the toilet. Defendant admitted that he had taken cocaine from the kitchen to dispose of it in the bathroom. The search of the apartment uncovered, among other things, a surveillance camera, materials commonly used to package drugs for sale, a safe, a lock box, and cash. There also was evidence that, three days earlier, the woman had purchased cocaine at the apartment from a man known as "G."

We conclude that, in view of this evidence, the admission of the disputed documents did not affect defendant's substantial rights as to these charges.

## E. Sixth Amendment

Finally, we reject defendant's contention that admission of the documents violated his Sixth Amendment right to confrontation.

■ The admission of hearsay evidence does not violate the Sixth Amendment

when "the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility." *Idaho v. Wright,* 497 U.S. 805, 820, 110 S.Ct. 3139, 3149, 111 L.Ed.2d 638 (1990). Generally, hearsay meets the requirements of the Confrontation Clause only when the statement bears either "adequate 'indicia of reliability'" or has "particularized guarantees of trustworthiness." *Idaho v. Wright, supra,* 497 U.S. at 815, 110 S.Ct. at 3146 (quoting *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980)); *see also United States v. Inadi,* 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986)(*Roberts* does not stand for the proposition that out-of-court statements can be introduced only upon a showing that the declarant is unavailable).

█ Here, the documents do not assert that defendant had engaged in any conduct, criminal or otherwise, and there is no indication that self-interest or animus against defendant motivated the authors to make false statements about his address or that the documents may have been otherwise fraudulent. The circumstances in which the documents were found and the appearance of the documents provide particularized guarantees of trustworthiness. The test of cross-examination regarding these documents would be of marginal utility. *See* CRE 803(b).

Therefore, we conclude that admission of the cable work orders, furniture lay-away agreement, and cash receipts did not violate defendant's Sixth Amendment right to confrontation. *See United States v. Inadi, supra.*

### III. Prosecutor's Comments

Defendant next contends that comments made by the prosecutor during her closing argument constituted plain error. We find no reversible error.

█ It is improper for counsel to express his or her personal belief regarding the truth or falsity of testimony during final argument because the truthfulness of testimony and the credibility of witnesses are matters to be determined by the trier of fact, and not by the advocates. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

█ When the alleged error consists of prosecutorial misconduct and was not preserved by a contemporaneous objection, it will not be considered on appeal unless it was plain error affecting the substantial rights of the defendant. Crim. P. 52(b); *People v. Constant,* 645 P.2d 843 (Colo.1982). Prosecutorial misconduct in closing arguments rarely is so egregious as to constitute plain error. *People v. Sepeda,* 196 Colo. 13, 581 P.2d 723 (1978).

█ Defendant first contends that, during closing argument, the prosecutor improperly called a defense witness a "liar." However, the record shows that the prosecutor's characterization of the witness was in the context of the witness's admission that she had lied to the police. Thus, we conclude that the prosecutor's argument constituted a fair comment on the evidence.

█ Defendant also contends that the prosecutor's further characterization of the witness's testimony as a "story," as opposed to the truth, exceeded proper argument. However, we conclude that the prosecutor's reference to the witness's "story" was an acceptable reference to the witness's testimony about the events. *See People v. Constant, supra* (the prosecutor may draw reasonable inferences as to the demeanor and credibility of witnesses).

Finally, we reject defendant's assertion that the prosecutor improperly vouched for the credibility of the police officers by commenting that they were "honest" with the jury.

█ The comments, made during rebuttal closing argument, were in response to the defense challenge to the quality of the police investigation. The prosecutor argued that the officers were honest when they admitted to the jury that they could not remember aspects of the investigation and the search. Again, we conclude that this was fair comment on the testimony.

On this record, we do not find that the prosecutor's argument resulted in plain er-

ror. *See People v. Ramirez*, 56 P.3d 89 (Colo.2002).

## IV. Jury Questions

Defendant next contends that the trial court committed reversible error when it gave an incorrect and incomplete answer to the jury's question during its deliberations. We disagree.

■ When a jury expresses any misunderstanding or confusion during deliberations, the trial court should give an additional or supplemental instruction responding to an inquiry if the misunderstanding relates to a matter of law central to the guilt or innocence of the defendant. *Boothe v. People*, 814 P.2d 372 (Colo.1991).

Defendant concedes that he did not object to the court's response, and thus we are again limited to a review for plain error. *See People v. Mendez*, 897 P.2d 868 (Colo.App. 1995).

The jury sent out a note asking for clarification of the meaning of "actual possession" and "mere presence," stating: "Clarification is needed regarding on [sic] what actual possession means?" The court responded: "The element of possession in each charge is defined in the first definition of Instruction No. 17. 'Mere presence' means merely being present without: owning; or being in actual physical possession of; or immediately and knowingly exercising dominion or control over the object."

■ Because the original instructions adequately defined the terms "possession" and "mere presence," the trial court properly responded to the jury's request for clarification of those terms by essentially reiterating those definitions. *See People v. Alexis*, 806 P.2d 929 (Colo.1991).

■ When, as here, the original instructions adequately informed the jury, no additional or supplemental instruction is required or recommended. *See People v. Mendez, supra.*

Furthermore, we reject defendant's argument that the trial court should have specifically instructed that the jury could not find him guilty by association and that mere presence does not constitute possession. *See People v. Mendez, supra*, 897 P.2d at 871 (when original instructions adequately inform the jury, "the giving of additional or supplemental instructions invites error").

## V. Double Jeopardy

Defendant next contends that his convictions for possession of a controlled substance and possession with intent to distribute a controlled substance violate double jeopardy protections. He argues that possession of cocaine is a lesser included offense of possession with the intent to distribute, and thus the conviction for simple possession must be vacated. We agree.

■ The Double Jeopardy Clauses in the United States and Colorado Constitutions prohibit the state from punishing a person twice for the same offense. U.S. Const. amend. V; Colo. Const. art. II, § 18. Therefore, an accused will not be subject to multiple punishments imposed in the same criminal prosecution for statutory offenses proscribing the same conduct. *Patton v. People*, 35 P.3d 124 (Colo.2001).

A defendant may not be punished multiple times for the same conduct if "[o]ne offense is included in the other." Section 18–1–408(1)(a), C.R.S.2002. A lesser offense is "included" in a greater offense when it "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Section 18–1–408(5)(a), C.R.S.2002.

■ Section 18–1–408(5)(a) requires a comparison of the statutory elements of each offense to determine whether an offense is lesser included. *Patton v. People, supra.* If proof of the facts establishing the statutory elements of the greater offense necessarily establishes all the elements of the lesser offense, the lesser offense is included for the purposes of § 18–1–408(5)(a). *People v. Leske*, 957 P.2d 1030 (Colo.1998).

■ Here, as reflected in the jury instructions, the elements of simple possession and of possession with intent to distribute are the same, except that the latter offense also requires proof that the possession was

with intent to distribute, with or without remuneration. *See* §§ 18–18–102(11), 18–18–405(1)(a), C.R.S.2002.

Furthermore, it is clear from the evidence presented here that defendant was convicted of possession of the same cocaine that served as the basis for his conviction of possession with the intent to distribute.

Therefore, we conclude that the crime of simple possession is a lesser included offense of the crime of possession with the intent to distribute, when, as here, both charges are premised on possession of the same contraband. *See People v. Graham*, 53 P.3d 658 (Colo.App.2001)(vacating the defendant's conviction and sentence for simple possession when he was also convicted of possession with intent to distribute and the People conceded that the convictions were based on identical evidence); *see also Patton v. People, supra* (vacating the defendant's conviction for possession of methamphetamine "in connection with its manufacture" as a lesser included offense of manufacture of methamphetamine); *People v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974).

Because we must seek to give maximum effect to the jury's resolution of the issues, *see People v. Johnson*, 987 P.2d 855 (Colo. App.1998), we vacate defendant's conviction and sentence for simple possession. *See People v. Graham, supra.*

## VI. Sufficiency of Evidence

Defendant also asserts that there was insufficient evidence to support his conviction for possession of cocaine with the intent to distribute. We disagree.

■ When the sufficiency of the evidence is challenged on appeal, a reviewing court must determine whether the evidence, when viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People*, 756 P.2d 945 (Colo.1988).

■ Here, the evidence, when viewed in the light most favorable to the prosecution, was that someone known as "G" sold cocaine at the apartment three days before the search; police saw defendant leave the apartment shortly after the sale; defendant was in possession of cocaine on the day of the search; there was a surveillance camera outside the door of the apartment that, had it been operating, would enable those in the apartment to see who was at the door; there were dozens of squares of tinfoil to package cocaine; and there was a safe, a lock box for cash and drugs, and a large amount of cash.

Defendant challenges the relative weight of the evidence that tended to show that he participated in the sale at the apartment three days earlier. He asserts that, because he was not charged in connection with that incident, his alleged involvement was irrelevant. He also argues that the evidence only supports a determination that drugs had been sold from the apartment in the past. We are not persuaded.

Defendant did not object to the admissibility of this evidence at trial, nor does he contest its admissibility on appeal. Furthermore, the record shows that defense counsel challenged the weight of this evidence via cross-examination of the prosecution witnesses.

Because the weight of the evidence is a jury determination, and because we are to view the evidence in the light most favorable to the prosecution, we reject defendant's claim that it is irrelevant and cannot be used to support the conviction. *See Kogan v. People, supra; Hamby v. People*, 109 Colo. 572, 128 P.2d 993 (1942).

Therefore, we conclude that there is sufficient evidence to support defendant's conviction for possession with intent to distribute a schedule II controlled substance pursuant to § 18–18–405(1)(a). *See People v. Del Alamo*, 624 P.2d 1304 (Colo.1981); *People v. Trusty*, 53 P.3d 668 (Colo.App.2001); *People v. Ramirez*, 997 P.2d 1200 (Colo.App.1999), *aff'd*, 43 P.3d 611 (Colo.2001).

## VII. Repeat Offender

Defendant next asserts that his conviction of possession with intent to distribute as a repeat offender cannot be sustained because the jury did not find him guilty, beyond a

reasonable doubt, of being a repeat offender. We disagree.

Possession with intent to distribute a schedule II controlled substance constitutes a class three felony. Section 18–18–405(2)(a)(I), C.R.S.2002. However, if the violation occurs after a prior conviction of the same individual, the present conviction is raised to a class two felony. *See* § 18–18–405(2)(a)(II), C.R.S.2002.

■ A statutory provision is a penalty or sentence enhancer if its proof, while raising the felony level of the offense, is not required to secure a conviction of the charged offense. *People v. Martinez,* 32 P.3d 520 (Colo.App. 2001); *People v. Whitley,* 998 P.2d 31 (Colo.App.1999)(ruling that the repeat offender provision contained in § 18–18–405(2)(a)(II) is a sentence enhancer, not a substantive offense, and thus properly for the trial court to determine).

■ Defendant argues that the decision in *People v. Whitley, supra,* is contrary to the subsequent ruling in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the Supreme Court held that a fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. However, the *Apprendi* Court specifically excepted from its ruling "the fact of a prior conviction," which is the relevant determination in a repeat offender enhancement. *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

Thus, the ruling in *Apprendi* is not applicable to the repeat offender sentence enhancer in § 18–18–405(2)(a)(II). *See People v. Thompson,* 328 Ill.App.3d 360, 262 Ill.Dec. 601, 765 N.E.2d 1209 (2002)(concluding that *Apprendi* does not apply to sentencing under a repeat offender statute).

## VIII. Habitual Offender

Defendant also asserts that his habitual criminal convictions under § 18–1.3–801, C.R.S.2002 (formerly codified as § 16–13–101), must be vacated. Again, we are not persuaded.

### A. *Apprendi*

Initially, for the reason discussed in part VII above, we reject defendant's challenge to his habitual criminal convictions on the rationale of *Apprendi v. New Jersey, supra. See People v. Johnson,* 74 P.3d 349, 2002 WL 31387111 (Colo.App. No. 00CA1639, Oct. 24, 2002).

### B. Bill Title

To the extent defendant contests the constitutionality of § 18–1.3–801 on grounds that the title of the bill in which it was enacted did not clearly express its subject matter, we decline to address the claim because it was not raised before the trial court. *See People v. Shepherd,* 43 P.3d 693 (Colo.App.2001).

### C. Proof of Convictions

Finally, we disagree with defendant's contention that his habitual criminal convictions must be vacated because the prosecution failed to prove, beyond a reasonable doubt, that he had been twice convicted of felonies under § 18–1.3–801(1.5).

■ Here, during the habitual criminal phase of the trial, the prosecution introduced certified copies of the minute orders in two separate felony cases. A probation officer also testified that she supervised defendant's probation on those two cases.

Although defendant asserts that no "formal judgments of convictions" were introduced, an "authenticated copy of the record of former convictions and judgments of any court of record for any of said crimes against the party indicted or informed against shall be prima facie evidence of such convictions and may be used in evidence" in a habitual criminal conviction proceeding. Section 18–1.3–802, C.R.S.2002 (formerly codified at § 16–3–102). Thus, the prosecution adequately proved its case. *See People v. Shepherd, supra.*

Accordingly, the People's appeal is dismissed. The judgment and sentence are vacated as to the conviction for simple possession of a schedule II controlled substance, and the case is remanded for correction of

the mittimus. In all other respects, the judgment and sentence are affirmed.

Judge NEY and Judge MARQUEZ concur.